579 P.2d 659 (1978)
The PEOPLE of the State of Colorado, Plaintiff-Appellee,
v.
Michael Anthony FINK, Defendant-Appellant.
No. 75-223.
Colorado Court of Appeals, Div. II.
May 11, 1978.
*660 J. D. MacFarlane, Atty. Gen., Jean E. Dubofsky, Deputy Atty. Gen., Edward G. Donovan, Sol. Gen., Robert C. Lehnert, Asst. Atty. Gen., Denver, for plaintiff-appellee.
Epstein, Lozow & Preblud, P. C., Gary Lozow, Denver, for defendant-appellant.
ENOCH, Judge.
This is a homicide case in which the judgment of the trial court was reversed by this court. People v. Fink, Colo.App., 552 P.2d 529. Upon certiorari, the Colorado Supreme Court reversed the decision of this court as to the application of the self-defense instruction and remanded the cause for determination of the issues not previously addressed by this court. People v. Fink, Colo., 574 P.2d 81. For a recitation of the facts of this case, reference may be made to the two prior opinions.
We find the remaining three issues asserted by the defendant to be without merit and therefore affirm the judgment of conviction of criminally negligent homicide.

I.
Defendant asserts that the combined effect of the court's denials of his motions for an additional peremptory challenge, for further examination of an excused juror, and for a mistrial deprived him of a fair and impartial jury. We do not agree.
During voir dire examination, one juror expressed hesitation about serving in this case because her husband had been involved in a similar, yet non-fatal, stabbing incident nine years earlier. Defense counsel passed her for cause, but requested an additional peremptory challenge in order to remove her from the panel. This motion was denied. Following the first morning session of trial, this juror advised the court that she was experiencing considerable emotional distress because she had difficulty dealing with the concept of death. In response to questioning from court and counsel, she disclosed that she had not discussed this problem with any other jurors and that she had attempted to hide her distress from them. However, she surmised that because she had been crying, those jurors with whom she had eaten lunch knew she was upset. The court excused her and seated the alternate juror. The court then denied defendant's request for further examination of the excused juror and his motion for mistrial.
*661 The number of allowable peremptory challenges is determined by the General Assembly, and the power of the General Assembly, in this respect, is limited only by the necessity of having an impartial jury. Hayes v. Missouri, 120 U.S. 68, 7 S.Ct. 350, 30 L.Ed. 578; State v. Persinger, 62 Wash.2d 362, 382 P.2d 497. See also State v. Rector, 166 S.C. 335, 164 S.E. 865; State v. DeWeese, 51 Utah 515, 172 P. 290. The essence of a peremptory challenge is that it may be exercised without a reason stated, without inquiry and without being subject to the court's control. Its purpose is to permit the rejection of a juror for a real or imagined partiality that would be difficult to designate or demonstrate. Swain v. Alabama, 380 U.S. 202, 85 S.Ct. 824, 13 L.Ed.2d 759.
Our General Assembly has prescribed the number of peremptory challenges that shall be allowed in criminal proceedings, § 16-10-104, C.R.S.1973, and provided for additional peremptory challenges when alternate jurors are called. Section 16-10-105, C.R.S.1973. See also Crim.P. 24(d) and (e). We find no provision authorizing the court to grant additional peremptory challenges. We see no need for this discretionary power because, if there is good cause to excuse a juror in order to assure the parties a fair and impartial trial, the juror can and should be excused on a challenge for cause as is provided for in § 16-10-103, C.R.S.1973 and Crim.P. 24(b). There has been no limit set by statute or rule on the number of challenges for cause. Furthermore, after a jury has been sworn in, the court on its own initiative may excuse a juror for illness or other cause under the provisions of § 16-10-106, C.R.S.1973, as the court did in this case.
Therefore, we hold that a trial court has no discretion to grant additional peremptory challenges, Commonwealth v. Segers, 460 Pa. 149, 331 A.2d 462, and that the court in this case did not err in refusing defendant's request. We find no conflict with Simms v. People, 174 Colo. 85, 482 P.2d 974, because it is apparent that in that case the issue was not the granting of an additional peremptory challenge, but whether the trial court could, in its discretion, allow a party, after accepting a panel, to then exercise a peremptory challenge as to a juror on the panel.
The record reveals that the court and counsel thoroughly examined the troubled juror before she was excused. Little, if any, information concerning the impact of her condition on the other members of the jury could have been gained by recalling her for further examination. Finally, because the trial court is in the best position to evaluate the effect of an irregularity on the jury, People v. Becker, 187 Colo. 344, 531 P.2d 386, the trial court's decision to deny the motion for mistrial will not be disturbed absent "`gross abuse of discretion to the prejudice of the defendant . ..'" People v. Sexton, Colo., 555 P.2d 1151. Defendant has failed to demonstrate such prejudice here. The juror displayed no enmity or bias against defendant; her emotional distress, while perhaps evident, was restrained. Prejudice is not established merely because the other members of the jury may have attributed her distress and absence to a problem which they heard discussed during voir dire examination. The defendant was not deprived of a fair trial under these facts, and the trial court properly exercised its discretion in denying the motion for mistrial.

II.
Defendant contends that he was entitled to a judgment of acquittal on the charge of second degree murder, and that the submission of this charge to the jury acted as an invitation to the jury to compromise its verdict as to defendant's guilt. We disagree.
In assessing the sufficiency of the evidence on appeal, we must review the evidence most favorably to the People to see whether it could support a conclusion by a reasonable mind that defendant is guilty of the charge beyond a reasonable doubt. People v. Bennett, 183 Colo. 125, 515 P.2d 466. Without recounting the testimony fully, *662 we note the following evidence: An altercation developed between defendant and the victim, as a result of which defendant was either shoved or knocked to the floor; defendant's three friends immediately joined in the fray; the victim was unarmed and involved in fighting four men; defendant pulled a knife and slashed at the victim; defendant told his companions that he had "cut" the victim. In light of this evidence, the jury could have reasonably concluded that defendant, with intent to cause serious bodily injury, caused the victim's death. See § 18-3-103(1)(b), C.R.S. 1973. Therefore, the court's refusal to grant an acquittal on the charge of second degree murder was proper.

III.
Defendant contends the court erred in not granting him a new trial because it misconstrued the effect of People v. Calvaresi, 188 Colo. 277, 534 P.2d 316, and had no jurisdiction to rule as a matter of law that he was guilty of criminally negligent homicide. We disagree.
Defendant was convicted of manslaughter under a statute which was found to be unconstitutional in People v. Calvaresi, supra. As a result, the trial court vacated the manslaughter conviction and, after denying a motion for new trial, found defendant guilty of criminally negligent homicide.
In People v. Dominguez, Colo., 568 P.2d 54, the Supreme Court found, as it did in Calvaresi, supra, that two criminal statutes proscribed essentially the same conduct. Although the jury had convicted Dominguez of the greater offense, a retrial was ruled to be unnecessary because competent evidence established the elements of the lesser offense as well. Accordingly, the Supreme Court vacated the judgment of conviction, and ordered the trial court to enter judgment and resentence defendant on the lesser included offense.
Here, the elements of criminally negligent homicide had been established by competent evidence at trial, and thus the trial court's actions in denying defendant's motion and in entering judgment against him for that offense were proper. Dominguez, supra.
Judgment affirmed.
SILVERSTEIN, C. J., and RULAND, J., concur.