Imogene A. BLACKSHERE, Plaintiff,

v.

ALLIED MATERIALS CORPORATION, Defendant.

No. CIV–78–0093–D.

United States District Court, W. D. Oklahoma.

June 14, 1978.

H. Richard Muehleisen, Jr., Oklahoma City, Okl., for plaintiff.

Edward E. Soule, Oklahoma City, Okl., for defendant.

## ORDER

DAUGHERTY, Chief Judge.

Plaintiff brings this action under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq., for alleged sex discrimination in employment. The matter is now before the Court for consideration of Defendant's Motion to Dismiss the action on the grounds that the Complaint fails to state a claim upon which relief can be granted. Plaintiff has filed a Brief in opposition to Defendant's motion.

Plaintiff alleges that Defendant discharged her from employment as a computer operator because of her sex. She states that she filed a timely complaint with the Equal Employment Opportunity Commission (EEOC) and that she received from the EEOC a statutory notice of conciliation failure and of right to sue within 90 days of the date she filed the instant action.

Pursuant to Rule 12(b)(6), Federal Rules of Civil Procedure, Defendant moves for

dismissal of this action on the basis that the doctrine of res judicata bars Plaintiff from maintaining her suit. Defendant asserts that the EEOC has previously brought an action against Defendant for Plaintiff's benefit and on the same claim as the present action and that by agreement of the parties, the EEOC action was dismissed with prejudice. Defendant contends that the dismissal with prejudice of the EEOC action is equivalent to judgment for Defendant in that case and is res judicata as to the Plaintiff in the instant action. Defendant attaches to its Motion to Dismiss copies of the Complaint and Joint Stipulation for Dismissal filed in the EEOC action. These items reveal that on July 18, 1977 the EEOC filed a civil action [1] against the Defendant alleging that Defendant had engaged in an unlawful employment practice by discharging the Plaintiff because of her sex and by failing to compensate her on an equal basis as males. On November 18, 1977 a Joint Stipulation for Dismissal of the action with prejudice, signed by attorneys for both EEOC and Defendant, was filed.

In her Brief in opposition to Defendant's motion, Blackshere contends that the doctrine of res judicata is not applicable in this case. She argues that her interests and the interests of the EEOC are not identical; that she did not acquiesce in the dismissal of the EEOC action; and that to sustain Defendant's Motion to Dismiss would deny her due process and equal protection of the laws.

■ As the Defendant has presented matters outside the pleadings in connection with its Rule 12(b)(6) motion to dismiss and the Court has not excluded such matters, the Court must treat Defendant's motion as a motion for summary judgment and proceed under Rule 56, Federal Rules of Civil Procedure. *Carter v. Stanton,* 405 U.S. 669, 92 S.Ct. 1232, 31 L.Ed.2d 569 (1972); *American Home Assurance Co. v. Cessna Aircraft Co.,* 551 F.2d 804 (Tenth Cir. 1977); *Torres v. First State Bank,* 550 F.2d 1255 (Tenth Cir. 1977); *see* 5 Wright & Miller, *Federal Practice and Procedure*: Civil § 1366 (1969).

Rule 56 provides in part:

"(c) Motion and Proceedings Thereon. . . . The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."

■ Defendant contends that the dismissal with prejudice of the EEOC action constitutes res judicata so as to bar the Plaintiff from maintaining this action. The Court disagrees. Defendant's argument overlooks the limited and restricted power of the EEOC. The EEOC has no adjudicatory power. *Alexander v. Gardner-Denver Co.,* 415 U.S. 36, 94 S.Ct. 1011, 39 L.Ed.2d 147 (1974); *Equal Employment Opportunity Commission v. General Electric Co.,* 532 F.2d 359 (Fourth Cir. 1976); *Williams v. New Orleans Steamship Association,* 341 F.Supp. 613 (E.D.La.1972); *McGriff v. A. O. Smith Corp.,* 51 F.R.D. 479 (D.S.C.1971); *see Reed v. Arlington Hotel Co.,* 476 F.2d 721 (Fifth Cir. 1973), *cert. denied,* 414 U.S. 854, 94 S.Ct. 153, 38 L.Ed.2d 103 (1973). Its function is purely investigatory and conciliatory. It can neither clothe a claimant with a right to judicial relief nor create a bar to a claimant's right to such relief, for the ultimate and final enforcement jurisdiction is vested in the federal courts. *McGriff v. A. O. Smith Corp., supra. See also Alexander v. Gardner-Denver Co., supra; Rogers v. International Paper Co.,* 510 F.2d 1340, 1354 n. 36 (Eighth Cir. 1975), *vacated on other grounds,* 423 U.S. 809, 96 S.Ct. 19, 46 L.Ed.2d 29 (1975). Neither by its action nor inaction can the EEOC prejudice an individual's substantive rights under Title VII. *Miller v. International Paper Co.,* 408 F.2d 283 (Fifth Cir. 1969); *McDonald v. General Mills, Inc.,* 387 F.Supp. 24 (E.D.Cal.1974); *Holly v. Alliance Rubber Co.,* 380 F.Supp.

---

1. *Equal Employment Opportunity Commission v. Allied Materials Corp.,* CIV–77–0706–D (W.D.Okl., filed July 18, 1977).

1128 (N.D. Ohio 1974). As there is nothing in the record which shows that the Plaintiff herein agreed to the dismissal of the EEOC action, the disposition of that action does not constitute a bar to the maintenance of her individual suit. The agreement between Defendant and EEOC to dismiss the EEOC action with prejudice has no effect on the Plaintiff's right to bring suit in federal court pursuant to Title VII. *See Reed v. Arlington Hotel Co., supra; Williams v. New Orleans Steamship Association, supra; McGriff v. A. O. Smith Corp., supra*; Employment Discrimination and Title VII of the Civil Rights Act of 1964, 84 Harv.L.Rev. 1109, 1249 n. 301 (1971).

In view of the foregoing, the Court is not satisfied that genuine issues of material facts are not present in this case and that Defendant is entitled to a judgment as a matter of law. Summary judgment is, therefore, inappropriate and Defendant's motion seeking the same should be overruled. *Carter v. Stanton, supra; Adickes v. S. H. Kress & Co.,* 398 U.S. 144, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970); *Mustang Fuel Corp. v. Youngstown Sheet & Tube Co.,* 561 F.2d 202 (Tenth Cir. 1977); *Williams Petroleum Co. v. Midland Cooperatives, Inc.,* 539 F.2d 694 (Tenth Cir. 1976); *Redhouse v. Quality Ford Sales, Inc.,* 511 F.2d 230 (Tenth Cir. 1975); *Dzenits v. Merrill Lynch, Pierce, Fenner & Smith, Inc.,* 494 F.2d 168 (Tenth Cir. 1974).