**The PEOPLE of the State of Colorado, Plaintiff-Appellee,**

v.

**Donald Jack PRIEST, Defendant-Appellant.**

**No. 82CA0236.**

Colorado Court of Appeals, Div. I.

June 2, 1983.

Rehearing Denied June 30, 1983.

Certiorari Denied Oct. 31, 1983.

J.D. MacFarlane, Atty. Gen., Charles B. Howe, Deputy Atty. Gen., Joel W. Cantrick, Sol. Gen., Dolores Atencio, Asst. Atty. Gen., Denver, for plaintiff-appellee.

Peter H. Ney, Littleton, for defendant-appellant.

BERMAN, Judge.

Defendant appeals his convictions of felony murder, aggravated robbery, and conspiracy to commit aggravated robbery. We affirm in part and reverse in part.

The defendant first approached accomplices Charles Saxton and Charles Turner concerning the planning of a robbery of James Jolly's ranch in November of 1980. Two unsuccessful robbery attempts were conducted on December 7 and 8. Defendant then turned to Tom Payseno and Richard Bales for help. Payseno, Saxton, Bales, and the defendant met at the defendant's home on December 10 to plan another attempt.

At this meeting, defendant provided Payseno with information as to the location of the Jolly ranch, which was approximately 60 miles away, and told him of the rumor that Jolly kept a safe containing $100,000. The defendant provided duct tape, to be used if they had to "rush" anybody. He also provided surgical gloves. And, when asked to lend his car, he agreed, although he was concerned that the tires would later need to be changed so that tire prints could not be traced to him. Saxton brought guns to this meeting, which were distributed among the complicitors.

That evening Payseno, Bales, and Saxton forced their way into Jolly's ranch house using guns, and, in the course of the robbery, Payseno shot and killed Jolly. Approximately $800 in cash and a few other small items were stolen. Payseno, Bales, and Saxton then returned to defendant's apartment to divide the money and melt down the guns.

Defendant was arraigned in April 1981 on charges of murder after deliberation, conspiracy to commit murder after deliberation, felony murder during robbery, conspiracy to commit aggravated robbery, and ag-

gravated robbery. The trial began in September. Defendant was allowed only ten peremptory challenges pursuant to an amendment to § 16–10–104, C.R.S.1973 (1982 Cum.Supp.) which became effective July 1, 1981.

Shortly after the trial began, a hearing was held during which the prosecution revealed that Bales was going to invoke his Fifth Amendment privileges and refuse to testify regarding his activities during a portion of the day of December 10. The trial court ruled that this testimony was not as to a collateral matter, and that if Bales were to testify regarding any of the events of December 10, a grant of immunity would be necessary.

Bales was granted immunity and testified against defendant at trial. Saxton also testified for the prosecution.

The jury acquitted defendant of murder after deliberation and conspiracy to commit murder after deliberation but found him guilty of felony murder, aggravated robbery, and conspiracy to commit aggravated robbery.

## I.

Defendant first contends that application of the felony murder statute to him is unconstitutional because he was 60 miles away when the murder occurred. Defendant contends that the felony murder statute applies only to a participant who is at or near the scene of the underlying felony. We disagree.

■ "[A] complicitor, being a principal, is included in the felony murder statute as one who 'commits or attempts to commit [the underlying felony].'" *People v. Saiz,* 42 Colo.App. 469, 600 P.2d 97 (1979). And, "[t]o support responsibility under the complicity statute it is only necessary to prove that (1) the principal committed the crime, (2) . . . the complicitor [knew] that the principal intended to commit the crime, and (3) the complicitor having the requisite knowledge, did aid, abet or encourage the principal in the commission of the crime." *People v. Thompson,* 655 P.2d 416 (Colo.1982).

■ Here, the record reveals that all the elements set out in *Thompson, supra,* were satisfied. Both Bales and Saxton testified that they, together with Payseno, robbed Jolly and that Payseno murdered Jolly during the course of that robbery. Defendant clearly knew that an armed robbery was to take place. And, he aided and abetted by supplying information regarding the location of the ranch, by loaning his car, by providing some of the necessary tools, and by making his apartment available for the planning sessions.

■ Defendant also contends that the acquittals of murder after deliberation and conspiracy to commit murder after deliberation are inconsistent with the guilty verdicts because there "was insufficient evidence to prove that [defendant] knew that Payseno intended to kill Mr. Jolly." However, as even defendant concedes, our felony murder statute substitutes participation in the underlying felony for the *mens rea* otherwise required to support a murder charge. *See* § 18–3–102(1)(b), C.R.S.1973 (1978 Repl.Vol. 8); *People v. Morgan,* 637 P.2d 338 (Colo.1981).

## II.

Defendant also claims that he was entitled to five additional peremptory challenges. We disagree.

■ Defendant argues that because, at the time he was arraigned, § 16–10–104, C.R.S.1973 (1978 Repl.Vol. 8), provided for fifteen peremptories in capital cases, the trial court erred in restricting him to ten. However, shortly after defendant was arraigned, the statute and the rule were amended to allow only ten peremptories in such cases. Section 16–10–104, C.R.S.1973 (1982 Cum.Supp.) (effective July 1, 1981); Crim.P. 24(d) (effective July 16, 1981). Voir dire was conducted in September, two months after the effective date of these amendments. We hold that the number of peremptory challenges allowed is governed by the statute and rule in effect at the time voir dire is conducted. Thus, the court properly refused to grant fifteen perempto-

ries in this case. *See People v. Fink,* 41 Colo.App. 47, 579 P.2d 659 (1978) (courts are precluded from granting additional peremptories once the number has been limited by statute).

### III.

Defendant next argues that the trial court erred in giving the following instruction:

> "While you may convict upon the uncorroborated testimony of alleged accomplices, still you should act upon their testimony with great caution, subjecting it to a careful examination in light of the other evidence in the case. You are not to convict upon such testimony alone, unless clearly convinced beyond a reasonable doubt of its truth.
>
> Uncorroborated testimony of alleged accomplices means that there is no evidence other than the alleged accomplices' which tend to establish the participation of the defendant in the commission of the offense.
>
> *Corroboration may come from outside sources or may come from one accomplice corroborating another."* (emphasis supplied)

The entire instruction, save the emphasized portion, is a model jury instruction. *Colo.J.I.—Crim.* 4:11. The emphasized portion is based on Colorado law, *People v. Martinez,* 187 Colo. 413, 531 P.2d 964 (1975), and was supported by the evidence. Thus, we perceive no error.

### IV.

Defendant's final contention is that the court erred in permitting Bales to testify, because the prosecution did not disclose Bales' intention to assert his privilege against self-incrimination and seek immunity until after the trial had begun. We perceive no error.

Although it is clear that the prosecution was under an ongoing discovery order, and should have disclosed information regarding Bales' intentions as soon as it knew of them, there is conflicting evidence in the record regarding the time it first gained such knowledge. Thus, the trial court's finding that there was no abuse of the discovery rules by the prosecution will not be disturbed on review. *Broncucia v. McGee,* 173 Colo. 22, 475 P.2d 336 (1970). Moreover, here, even the defendant concedes in his appeal brief that "these matters were ultimately resolved in a fashion which prevented any serious prejudice to [defendant] at trial."

### V.

Although defendant has not raised the issue of whether the aggravated robbery conviction was improper because aggravated robbery is the lesser included offense of felony murder, we perceive this conviction to be plain error affecting substantial rights of the defendant, and we address the issue *sua sponte* on appeal. Crim.P. 52(b).

Our Supreme Court held recently that aggravated robbery is a lesser included offense of felony murder and that "where the defendant's conviction for felony murder is based upon the conviction of the robbery victim's death during the course of the robbery," the conviction of aggravated robbery must be reversed. *People v. Raymer,* 662 P.2d 1066 (Colo.1983). *See also People v. Bartowsheski,* 661 P.2d 235 (Colo.1983). Thus, here, the defendant's conviction of aggravated robbery must be reversed.

The convictions of felony murder and conspiracy to commit aggravated robbery are affirmed, and the conviction of aggravated robbery is reversed with directions to dismiss the charge of aggravated robbery and to vacate the sentence imposed thereon.

STERNBERG and COYTE *, JJ., concur.

---

* Retired Court of Appeals Judge sitting by assignment of the Chief Justice under provisions

of the *Colo. Const.,* Art. VI, Sec. 5(3), and § 24–51–607(5), C.R.S.1973 (1982 Cum.Supp.).