**The PEOPLE of the State of Colorado, Plaintiff-Appellee,**

v.

**Kay HOLLIS, Defendant-Appellant.**

**No. 81CA0882.**

Colorado Court of Appeals, Div. III.

June 30, 1983.

Rehearing Denied July 28, 1983.

Certiorari Denied Sept. 26, 1983.

J.D. MacFarlane, Atty. Gen., Charles B. Howe, Deputy Atty. Gen., Joel W. Cantrick,

---

* Retired Court of Appeals Judge sitting by assignment of the Chief Justice under provisions of the *Colo.Const.*, Art. VI, Sec. 5(3), and

§ 24–51–607(5), C.R.S.1973 (1982 Repl.Vol. 10).

Sol. Gen., Valerie J. McNevin-Petersen, Asst. Atty. Gen., Denver, for plaintiff-appellee.

J. Gregory Walta, Colorado State Public Defender, Jody Sorenson Theis, Deputy State Public Defender, Denver, for defendant-appellant.

STERNBERG, Judge.

■ The question raised by this appeal is whether the rule or statute prevails in the case of conflict between the provisions of a Supreme Court rule and a statute as to the number of peremptory challenges allowed a defendant in a criminal trial. Concluding that the right to peremptory challenges is substantive, and not merely procedural, we hold that the statute controls.

In the trial of this case, defendant, Kay Hollis, was convicted of second-degree assault following a jury trial. When the jury was empaneled, on July 15, 1981, the rule, Crim.P. 24(d), allowed a defendant 10 peremptory challenges. Until July 1, 1981, the pertinent statute, § 16–10–104, C.R.S.1973 (1978 Repl.Vol. 8) had also allowed 10 peremptory challenges. Effective on that date, however, the statute was amended to reduce the number of such challenges to five. *See* § 16–10–104, C.R.S.1973 (1982 Cum.Supp.). Only on July 16, 1981, after the jury was empaneled in this case, was a similar amendment to Crim.P. 24(d) effective, bringing the rule into conformity with the statute. During this trial the statute was applied and Hollis was not allowed the 10 peremptory challenges permitted by the rule. Her appeal is premised on the contention that Crim.P. 24(d) controlled. We disagree and affirm the conviction.

■ The concept of separation of powers requires that the co-equal branches of government, the executive, legislative, and judicial, exercise only their own powers and not usurp the powers of another co-equal branch of government. *Colo. Const.,* Art. III. By *Colo. Const.,* Art. VI, Sec. 21, the Supreme Court is given power to "make and promulgate rules governing the administration of all courts [and is directed to] make and promulgate rules governing prac-tice and procedure in civil and criminal cases . . . ."

■ Thus, a statute governing *procedural* matters in criminal cases which conflicts with a rule promulgated by the Supreme Court would be a legislative invasion of the court's rule-making powers. *People v. McKenna,* 196 Colo. 367, 585 P.2d 275 (1978). Conversely, in *substantive* matters, a statutory enactment of the legislative branch prevails over a conflicting Supreme Court rule. *See McKenna, supra.* Consequently, when a statute and rule conflict, the conflict is resolved by determining whether the matter affected is "substantive" or "procedural."

■ The test for distinguishing procedural from substantive matters enunciated in *McKenna, supra,* requires an examination of the purpose of the statute: If the purpose is to permit the court to function and function efficiently the statute must yield to the rule; whereas if the statute embodies a matter of public policy the statute controls.

Peremptory challenges, while not constitutionally required, are deemed to be an effective means of securing a more impartial and better qualified jury. As such, they are an important right of an accused. *Swain v. Alabama,* 380 U.S. 202, 85 S.Ct. 824, 13 L.Ed.2d 759 (1965). The rule and statute in question here have an impact on the degree to which a party controls the composition of a jury. While also having an incidental effect on trial procedure, the statute is primarily an expression of policy concerning a recognized right of the accused, a substantive matter. Thus, we hold that the statute controls over the rule.

Accordingly, because the time for determining the number of peremptory challenges is the time voir dire is commenced, there was no error in the trial court's ruling. *People v. Priest,* 672 P.2d 539 (Colo. App.1983).

The judgment is affirmed.

VAN CISE and KELLY, JJ., concur.