The PEOPLE of the State of Colorado, Plaintiff-Appellee,

v.

Edgar Lee DURRE, Defendant-Appellant.

No. 84CA1070.

Colorado Court of Appeals, Div. I.

Sept. 19, 1985.

Rehearing Denied Oct. 17, 1985.

Certiorari Denied March 3, 1986.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Nathan B. Coats, Asst. Atty. Gen., John Daniel Dailey, First Asst. Atty. Gen., Denver, for plaintiff-appellee.

David F. Vela, Colorado State Public Defender, Thomas Van Cleave, III, James England, Deputy State Public Defenders, Denver, for defendant-appellant.

SMITH, Judge.

Defendant, Edgar Lee Durre, appeals the judgment entered on a jury verdict convicting him of theft, aggravated robbery, first degree kidnapping, and first degree murder of Gary Statler. Durre claims the trial court erred by improperly excluding defense evidence, by failing to grant him a trial separate from codefendant Manners, and by failing to grant defense challenges for cause to two prospectives. We affirm Durre's convictions.

Evidence adduced at trial showed that Durre and two other men, James Manners and Richard Baldwin, kidnapped and robbed the victim, Gary Statler, at a Denver motel. They moved Statler to Baldwin's home in Aurora where they forced him to write checks payable to a friend of Durre. Durre had his friend cash Statler's checks and gave Manners and Durre $1800 each. The men then took Statler to a ranch in Weld County where they stabbed him to death and left his body.

Baldwin pled guilty to second-degree murder and testified against Durre and Manners. Durre and codefendant Manners were jointly tried, and the jury returned a verdict finding Durre guilty of first degree felony murder.

The trial court subsequently conducted a sentencing hearing under § 16–11–103, C.R.S. (1978 Repl.Vol. 8) and (1984 Cum. Supp.); the court sentenced Durre to death. Durre appealed his sentence to the Supreme Court under § 16–11–103(7), C.R.S. (Cum.Supp.1983). That Court granted Durre's motion to bifurcate the guilt phase from the sentencing phase of his trial and ultimately reversed Durre's death sentence in *People v. Durre*, 690 P.2d 165 (Colo. 1984). We therefore consider Durre's claimed grounds for error during the guilt phase of his trial.

■ We initially note that we have affirmed the judgment of conviction of codefendant Manners. *See People v. Manners*, 713 P.2d 1348 (Colo.App.1985). There, we rejected arguments identical to those advanced here by Durre. For those reasons, we hold that the trial court did not abuse its discretion by denying defense challenges for cause to the two prospective jurors nor by precluding evidence of Baldwin's past history of robbing homosexuals.

## I.

Out of the presence of the jury, Durre offered testimony both of a cabdriver and of one Valadez. The cabdriver testified that he drove Manners from Aurora to Greeley on the day after Statler was murdered. While in the taxicab, Manners fondled the knife identified as the murder weapon and said he was going to Greeley to kill someone. Valadez testified that, in Greeley, Manners held the knife against the abdomen of his pregnant wife for ten to fifteen minutes, stating, "It wouldn't bother me to kill, I've killed before."

The trial court excluded Durre's proffered evidence under CRE 403, ruling that the minimal probative value of the evidence was substantially outweighed by its potential prejudicial effect. The court found Manners' statement, that he was going to Greeley to kill someone, open-ended, vague, and uncertain with no apparent victim intended. And, the court found that Manners' act of threatening Valadez' wife with a knife and his statement of having killed before showed only Manners' propensity to violence; it concluded the evidence was irrelevant to show Manners had murdered Statler the day before because it revealed nothing of the circumstances surrounding Statler's death.

Citing *People v. Lowe*, 660 P.2d 1261 (Colo.1983), Durre argues that the trial court's exclusion of Manners' statements and threats was improper on the basis that they were relevant as admissions by Manners to show his "consciousness of guilt." We disagree.

■ The determination whether proffered evidence is relevant is within the sound discretion of the trial court. *People v. Lowe, supra.* Evidence is relevant only if it tends to make the existence of a fact, or an inference more probable than it would be without such evidence. *People v. Madson*, 638 P.2d 18 (Colo.1981); *see* CRE 401.

■ An admission is any voluntary statement by one accused of crime, or evidence of an accused's behavior, relating to some particular fact or circumstance which indicates a consciousness of guilt and tends to connect him with the crime charged and to incriminate him. *People v. Lowe, supra.*

■ Here, any inference that Manners' statements or threats constitute an admission of having killed Statler is too remote because the statements and actions do not directly connect him with the crime charged. *See People v. White*, 632 P.2d 609 (Colo.App.1981). Manners did not mention Statler, *cf. People v. Lowe, supra*, and his statement that he had killed before is too vague and uncertain to have any bearing on the proof of whether he killed Statler. *See State v. Umfrees*, 433 S.W.2d 284 (Mo.1968). Nor is Manners' threat to Mrs. Valadez a transaction similar to Statler's murder. There was no apparent motive for the threatening of Mrs. Valadez, and the threat was not carried out. Thus, that incident is not a similar transaction under *People v. Bueno*, 626 P.2d 1167 (Colo.App. 1981).

Finally, the trial court found that Manners was drinking heavily at the time and that his statements and threats were those of a "swaggering drunk talking empty talk." We conclude that the trial court properly excluded the evidence because any minimal probative value it might have had was substantially outweighed by the danger of unfair prejudice to Manners. CRE 403; *see People v. Madson, supra.*

## II.

Durre next argues that the trial court abused its discretion by denying his motion for severance of trial from codefendant Manners. Durre claims that joint trial prejudiced his defense because: (1) he was unable to secure acceptable jurors because of Manners' participation in jury selection; (2) he was adversely affected by Manners' behavior and appearance of incompetency; and (3) he was unable either to call Manners to testify in his behalf or to comment on Manners' refusal to testify. We find these contentions without merit.

■ Durre's motion for severance was addressed to the sound discretion of the trial court, *People v. Horne,* 619 P.2d 53 (Colo.1980), and the trial court's denial of severance will not be overturned absent a showing that such denial was an abuse of discretion which resulted in prejudice to Durre. *People v. Maestas,* 183 Colo. 378, 517 P.2d 461 (1973).

■ Abuse of discretion is determined according to the following factors: (1) Whether the number of defendants or complexity of evidence is such that the jury will probably confuse the evidence and law applicable to each defendant; (2) whether evidence inadmissible against one defendant would be considered against the other defendant, despite the issuance by the trial court of the proper admonitory instruction; and (3) whether the defenses are antagonistic. *People v. Gonzales,* 198 Colo. 450, 601 P.2d 1366 (1979); *People v. Maestas, supra; see* § 16–7–101, CRS (1978 Repl. Vol. 8); Crim.P. 14.

■ In our affirmance of codefendant Manners' conviction, we found that the evidence and issues were not so complex as to precipitate jury confusion, and also found that Manners' defense was not antagonistic to Durre's because both defendants denied participation, and because neither attempted to implicate the other. *See People v. Manners, supra.* Although each defendant, in the alternative, attempted to make the other look more culpable, we find such a defense non-antagonistic under an accomplice theory because it is not a defense of mutually exclusive guilt. *See United States v. Marable,* 574 F.2d 224 (5th Cir. 1978).

■ Furthermore, in *People v. Manners, supra,* we found the trial court's admonitory instructions sufficient to protect each defendant from evidence admissible only against his codefendant.

■ We reject Durre's claim that his joint trial with codefendant Manners prevented him both from calling Manners to testify on his behalf and from commenting on Manners' refusal to testify at trial. Durre has failed to address factors relevant to this issue, namely: (1) whether Manners' testimony would be exculpatory; (2) whether Manners would in fact testify; and (3) whether Manners' testimony would bear on Durre's case. *U.S. v. Melton,* 689 F.2d 679 (7th Cir.1982). And, it is unclear why it was necessary for Durre to comment on Manners' refusal to testify since neither defendant was attempting to shift exclusive guilt to the other. *Cf. Eder v. People,* 179 Colo. 122, 498 P.2d 945 (1972). Indeed, Durre's testimony tended, if anything, to exculpate Manners.

■ Finally, Durre's argument that he was unable to secure acceptable jurors because of Manners' participation in voir dire is unpersuasive. Severance is not constitutionally mandated because of conflicting peremptory challenges exercised by counsel for defendants. *Commonwealth v. Dominico,* 1 Mass.App. 693, 306 N.E.2d 835 (1974). While peremptory challenges are an important right of an accused, they

are not constitutionally required, *People v. Hollis*, 670 P.2d 441 (Colo.App.1983), and the privilege must therefore be taken with limitations attendant upon the manner of its exercise. *Stilson v. United States*, 250 U.S. 583, 40 S.Ct. 28, 63 L.Ed. 1154 (1919).

Judgments affirmed.

PIERCE and BABCOCK, JJ., concur.