The PEOPLE of the State of Colorado, Plaintiff-Appellee,

v.

Phillip McKEEHAN, Defendant-Appellant.

No. 84CA1207.

Colorado Court of Appeals, Div. III.

Oct. 2, 1986.

Rehearing Denied Oct. 30, 1986.

Certiorari Granted (McKeehan) Feb. 9, 1987.

going hypnotic relaxation therapy and that the trial court improperly limited his cross-examination of her. We affirm.

The prosecution's evidence showed that McKeehan met the victim at a bar in Greeley, and after having drinks and conversation, he persuaded her to let him drive her home in his van. Inside the van, McKeehan made sexual advances toward the victim, who initially resisted, but submitted to sexual intercourse after she became frightened by McKeehan's behavior. He later drove her home, and she reported the incident to police.

McKeehan's defense was that the victim had consented to his actions. At trial, the prosecution revealed that the victim had undergone hypnotic relaxation therapy by a mental health counselor before testifying. This "hypnosis" consisted of physical relaxation, deep breathing, and visualizing being in a pleasant place. She was not questioned and no suggestions were made to her under hypnosis; rather, the sole purpose of the hypnosis was to allow her to relax and overcome her anxiety about testifying.

McKeehan objected to her testimony on the grounds that the hypnosis rendered her incompetent to testify. The trial court overruled his objection, and he now asserts error in this ruling.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Maureen Phelan, Asst. Atty. Gen., Denver, for plaintiff-appellee.

David F. Vela, State Public Defender, Judy Fried, Deputy State Public Defender, Denver, for defendant-appellant.

BABCOCK, Judge.

Phillip McKeehan appeals the judgment of conviction entered on a jury verdict finding him guilty of second degree sexual assault. He contends that the victim was improperly permitted to testify after under-

## I.

The issue is whether a witness who has been hypnotically relaxed without questioning or suggestion, has thereby been rendered incompetent to testify because the jury does not have a chance to observe the witness' pre-hypnosis demeanor. We hold that such a technique does not make a witness incompetent.

Both McKeehan and the People confuse this issue with the one addressed in *People v. Quintanar*, 659 P.2d 710 (Colo.App. 1982). The issue there was whether a witness was rendered incompetent to testify after the witness' memory had been hyp-

notically refreshed. Because of the inherent unreliability of hypnosis, wherein the hypnotist may implant suggestions or encourage the subject to fabricate, we held that testimony by a witness whose memory had been hypnotically refreshed was per se inadmissible as to recollections from the time of the hypnotic session forward. However, we also held that such a witness is not incompetent to testify to pre-hypnosis recollections that have been previously disclosed and recorded. *People v. Quintanar, supra.*

The use of hypnosis to refresh a witness' memory is not at issue here. Instead, the question concerns the use of relaxation techniques to prepare an anxious witness to testify at trial. Nothing in the record indicates that the victim made any statements about the case while under hypnosis, or that her memory was in any way refreshed.

However, McKeehan asserts that even if her memory were not refreshed, her hypnotic relaxation so affected her demeanor before the jury as to deny him due process of law. This argument is without merit.

██ While evidence of relaxation techniques may be used to impeach a witness' credibility, *see People v. Roberts,* 37 Colo. App. 490, 553 P.2d 93 (1976) (drugs); *State v. Myers,* 538 S.W.2d 892 (Mo.App.1976) ("a few beers"), it does not render the witness per se incompetent to testify. CRE 601; *cf. People v. Quintanar, supra.* The trial court, therefore, properly admitted the victim's testimony over defendant's objection.

## II.

During the victim's cross-examination, McKeehan attempted to establish that her inability to communicate refusal amounted to her consent. The following exchange took place between counsel and the victim:

"Q. Going back a little bit, you've told us that the purpose of your hypnosis was to help you communicate today?

"A. To think clearly.

"Q. Have you had trouble in the past communicating?

"A. No.

"Q. Did you not testify that a lack of communication was one of the factors that led to your divorce in '78?

"A. Yes."

The trial court sustained the prosecutor's objection to this line of questioning as irrelevant. Defendant asserts the refusal to permit cross-examination on this subject denied him his constitutional right to confrontation. We disagree.

██ The determination whether evidence is relevant is within the sound discretion of the trial court. *People v. Lowe,* 660 P.2d 1261 (Colo.1983); *People v. Durre,* 713 P.2d 1344 (Colo.App.1985). Evidence is relevant only if it tends to make the existence of a fact or inference more probable than it would be without such evidence. *People v. Durre, supra;* CRE 403. Although the defendant must be allowed wide latitude in cross-examining the victim, the trial court must disallow cross-examination upon matters wholly irrelevant to issues at trial. *People v. Schwartz,* 678 P.2d 1000 (Colo. 1984).

██ Here, as the trial court correctly ruled, "lack of communication" as a factor in the breakup of the victim's marriage is neither logically nor legally relevant to the victim's ability to communicate her refusal to engage in sexual relations with the defendant. Thus, the trial court did not abuse its discretion in refusing to allow this line of inquiry. *People v. Schwartz, supra.*

The judgment is affirmed.

KELLY and TURSI, JJ., concur.