**The PEOPLE of the State of Colorado, Plaintiff–Appellee,**

**v.**

**Michael ZURENKO, Defendant– Appellant.**

**No. 90CA0068.**

Colorado Court of Appeals, Div. V.

Dec. 19, 1991.

Rehearing Denied Jan. 23, 1992.

Certiorari Denied Aug. 10, 1992.

Gale Norton, Atty. Gen., Raymond T. Slaughter, Chief Deputy Atty. Gen., Timothy M. Tymkovich, Sol. Gen., Cheryl A. Linden, Asst. Atty. Gen., Denver, for plaintiff-appellee.

Haddon, Morgan & Foreman, P.C., Norman R. Mueller, Rachel A. Bellis, Denver, for defendant-appellant.

Opinion by Judge RULAND.

Defendant, Michael Zurenko, appeals from judgments entered upon jury verdicts convicting him of one count of sexual assault on each of his two daughters. We reverse and remand for a new trial.

A physician, acting as pediatric consultant to the Department of Social Services, examined both children. During the examinations, the physician noticed physical abnormalities which suggested the occurrence of sexual abuse. The physician testified for the prosecution both with reference to the physical examination and to the statements of the children during the course of the examination.

## I

■ Defendant first contends that there was insufficient evidence to support his conviction of sexual assault on the younger child. Specifically, defendant argues that neither the younger daughter's statements nor the medical evidence provide sufficient support for the jury's verdict. We disagree.

In considering a challenge to the sufficiency of evidence in a criminal case, the reviewing court must determine whether the evidence, both direct and circumstantial, when viewed as a whole and in a light most favorable to the prosecution, is substantial and sufficient to support a conclusion by a reasonable person that the defendant is guilty of the crime beyond a reasonable doubt. *Taylor v. People*, 723 P.2d 131 (Colo.1986). If there is sufficient competent evidence to establish the elements of a crime, the guilty verdict will not be disturbed by an appellate court despite conflicts and inconsistencies in the evidence. *People v. Diefenderfer*, 784 P.2d 741 (Colo. 1989).

Applying these tests to the evidence at hand, we conclude that the evidence and the inferences from that evidence were sufficient to support a conclusion by a reasonable person that defendant sexually assaulted his daughter.

Specifically, the examining physician testified that the area around the younger child's anus was very red and that this irritation extended to the vaginal area. Also, the physician testified that this type of irritation is consistent with a penis rubbing up and down in that area. Moreover, the younger child said to the examining physician that her father "hurt" her in the vaginal area.

Later, the younger daughter, while "pounding" on her buttocks, told her mother that her father touched her there. Finally, the mother stated that there was a change in the younger child's behavior subsequent to the occurrence of the offense. In particular, the child started having nightmares and would insist on sleeping with her mother because she was frightened. *See Stevens v. People*, 796 P.2d 946 (Colo.1990) (Certain behavioral changes in children are indicative of sexual abuse, including fear of men and changes in sleep patterns.).

Contrary to defendant's contention, we do not view the expert's indication that the physical condition of the younger child was of recent origin as precluding the jury from finding that an assault occurred approximately one month earlier. The expert modified her initial opinion that the condition was of recent origin by also stating that it was difficult to determine the time frame for a physical condition of this nature. Hence, the jury could reasonably infer that the same condition existed approximately one month earlier.

## II

Defendant next contends that the trial court committed prejudicial error by refusing his challenges for cause to three prospective jurors. We agree with reference to one juror, and thus, we remand for a new trial.

### A

■ Initially, we reject the prosecution's contention, based upon *Ross v. Oklahoma*,

487 U.S. 81, 108 S.Ct. 2273, 101 L.Ed.2d 80 (1988), that defendant failed to establish the requisite prejudice to complain on appeal of the trial court's ruling.

Unlike the Oklahoma statutory scheme discussed by the United States Supreme Court in *Ross,* the essence of a peremptory challenge under § 16–10–104, C.R.S. (1986 Repl.Vol. 8A) is that it may be exercised without any stated reason and without judicial inquiry. The function of the challenge is to remove a juror for real or imagined partiality that is difficult to demonstrate. *See People v. Fink,* 41 Colo.App. 47, 579 P.2d 659 (1978). In Oklahoma, on the other hand, a defendant preserves the erroneous ruling on a challenge for cause only if all peremptories are exhausted *and* an incompetent juror remains on the jury. As a result, in our view, prejudice is shown if, as here, defendant exhausts all of his peremptory challenges, and one of those challenges is expended on a juror who should have been removed for cause. *See People v. Silvola,* 190 Colo. 363, 547 P.2d 1283, *cert. denied,* 429 U.S. 886, 97 S.Ct. 238, 50 L.Ed.2d 167 (1976); *People v. Macrander,* 817 P.2d 579 (Colo.App.1991) (*cert. granted,* September 23, 1991); *see also* Crim.P. 24(d)(3).

### B

■ Defendant first contends that two prospective jurors were compensated employees of public law enforcement agencies and, thus, were ineligible to sit on the jury pursuant to § 16–10–103(1)(k), C.R.S. (1986 Repl.Vol. 8A). One juror is employed by the Department of Social Services (DSS) and the other is employed by the Equal Employment Opportunity Commission (EEOC). We find no merit in defendant's contention.

We agree with the trial court's determination that neither DSS nor EEOC constitute law enforcement agencies. In our view, DSS is properly characterized as a public assistance and welfare organization. Section 24–1–120, C.R.S. (1988 Repl.Vol. 10A). Its responsibilities include administering various statutory plans for assistance payments, food stamps, health and medical assistance, child welfare services, rehabilitation, and programs for the aging. Section 26–1–109, C.R.S. (1989 Repl.Vol. 11B). While certain personnel of DSS investigate complaints of abuse, these personnel have no power to arrest or prosecute offenders. Thus, the trial court did not err by refusing defendant's challenge for cause to the juror employed by DSS.

Similarly, we do not view EEOC as a law enforcement agency under the statute. Instead, EEOC is primarily an investigatory and conciliatory organization. 42 U.S.C. § 2000e, et seq. (1982); *see Blackshere v. Allied Materials Corp.,* 466 F.Supp. 22 (W.D.Okla.1978). Among its many powers include investigating charges of employment discrimination and assessing affirmative action program plans. However, EEOC personnel have no statutory authority to arrest or prosecute offenders. Again, the trial court did not err by refusing defendant's challenge for cause to the juror employed by EEOC.

### C

■ We agree with defendant's contention that the trial court erred in declining to discharge one juror based upon bias.

This prospective juror was a member of a volunteer organization formed to prevent child abuse and to assist victims of that abuse. Voir dire revealed that the physician who later testified as an expert on behalf of the prosecution addressed the juror's organization on the subject of communication with children.

Following the trial court's inquiry as to whether the prospective juror could be fair and impartial, notwithstanding this address, the juror responded in the affirmative. The juror also indicated in response to questions from the prosecution that she would presume defendant innocent and require the prosecution to sustain its burden of proof before returning a guilty verdict. However, upon being questioned by defense counsel, the juror described the physician as "a wonderful person," and as "intelligent."

The following colloquy then occurred:

Q: Would you be more inclined to believe her testimony as a result of the fact that you had that workshop with her?

A: Yeah.

Q: You'd lay a little more emphasis on her testimony?

A: Yeah, because I had a favorable impression of her.

Q: That's ... kind of a feeling you can't easily put aside?

A: That's right....

Q: Would it be more difficult for you to disbelieve something that [the physician] would testify to because you had that impression of her?

A: I probably would, to be honest....

Q: Knowing that you had that favorable impression in the workshop with [the physician], would you agree that it might be hard to be fair knowing she's a primary witness in this case?

A: That's probably true because I'm biased in favor of her because of my exposure to her.

No additional questions were asked of the juror.

In response to defendant's challenge for cause, the trial court determined that counsel's characterization of the physician as a primary witness was improper, and it then rejected the challenge for cause.

Unlike *People v. Esch*, 786 P.2d 462 (Colo.App.1989), no attempt was made after the defense counsel's examination to determine whether, in spite of the juror's view of the physician's testimony, she would still be capable of rendering a verdict based on the law and on the evidence. *See People v. Taggart*, 621 P.2d 1375 (Colo. 1981). Similarly, unlike *People v. West*, 724 P.2d 623 (Colo.1986), defense counsel fully explained the basis for his challenge, but no attempt was made to determine whether the juror would be able to reject the physician's testimony if it were not credible.

We recognize that the trial court is granted broad discretion in determining whether a prospective juror should be ex-cused when bias is claimed. *See People v. Drake*, 748 P.2d 1237 (Colo.1988). However, in this case, the physician was the only expert called to testify concerning the physical symptoms of abuse revealed by her examination of defendant's daughters. And, when, as here, a juror's final responses to questions on voir dire indicate a clear expression of bias in favor of a significant prosecution witness, we may not assume that the juror will render an impartial verdict. *See Nailor v. People*, 200 Colo. 30, 612 P.2d 79 (1980); *People v. Brown*, 44 Colo.App. 397, 622 P.2d 573 (1980). Hence, the challenge for cause should have been granted. *See Nailor v. People, supra.*

Because of our resolution of this issue, it is unnecessary to address defendant's other contentions on appeal.

The judgments are reversed, and the cause is remanded for a new trial.

STERNBERG, C.J., and REED, J., concur.