The PEOPLE of the State of Colorado,
Plaintiff–Appellee,

v.

Hector M. AREVALO, Defendant–
Appellant.

No. 91CA0218.

Colorado Court of Appeals,
Div. III.

Jan. 30, 1992.

Rehearing Denied March 19, 1992.

Certiorari Denied Sept. 14, 1992.

Gale A. Norton, Atty. Gen., Raymond T. Slaughter, Chief Deputy Atty. Gen., Timothy M. Tymkovich, Sol. Gen., Matthew S. Holman, Asst. Atty. Gen., Denver, for plaintiff-appellee.

David F. Vela, Colorado State Public Defender, Joan E. Mounteer, Deputy State Public Defender, Denver, for defendant-appellant.

Opinion by Judge NEY.

Defendant, Hector M. Arevalo, appeals the six and eight year concurrent sentences following his guilty pleas to second degree sexual assault and second degree burglary. We affirm.

I.

Before addressing defendant's contentions we, initially, note that the notice of appeal was filed within forty-five days of sentencing and is, thus, timely. C.A.R. 4(c)(1)(II)(A).

We are unpersuaded by the People's argument that, because the defendant failed to file his notice of appeal with the trial court within thirty days as required by § 18–1–409(2), C.R.S. (1986 Repl.Vol. 8B), he is foreclosed from appellate review of his sentence. We conclude that § 18–1–409(2) was superseded by the 1984 amendment to C.A.R. 4(c)(1)(II)(A) which governs the procedure for filing sentencing appeals.

Prior to 1984, C.A.R. 4(c)(1)(I), (II)(A) required the same thirty-day filing of a notice of appeal in the trial court as § 18–1–409(2). Effective September 1, 1984, the thirty-day requirement of C.A.R. 4(c)(1)(II)(A) was amended to require the filing of a notice of appeal in the appellate court within forty-five days plus the service of an advisory copy served on the trial court. *People v. Carey*, 701 P.2d 89 (Colo. App.1984). This resulted in a conflict between the rule and the statute because no conforming amendment was made to § 18–1–409(2).

Section 18–1–409(1), C.R.S. (1986 Repl. Vol. 8B) provides that: "The procedures to be employed in the review [of felony sentences] shall be provided by supreme court rule." C.A.R. 4(c)(1)(II)(B) mandates that "[e]xcept as provided by this Rule, the Colorado Appellate Rules governing criminal appeals shall apply to appellate review of sentences." Hence, the language of both the statute and the rules of procedure require that the rule for appellate review of sentences would govern. Therefore, we conclude that the rule rather than the unamended provision of § 18–1–409(2) establishes the period for filing a notice of appeal. *See Estep v. People*, 753 P.2d 1241 (Colo.1988); *People v. Bost*, 770 P.2d 1209 (Colo.1989).

## II.

Defendant contends that the trial court abused its discretion by sentencing him to excessive terms. We find no abuse of discretion.

Sentencing is by its nature discretionary, and the trial court is a better arbiter of facts than an appellate court because of its greater familiarity with the defendant and the circumstances of the case. Hence, a trial court's sentencing decision will not be disturbed absent a clear abuse of discretion. *People v. Watkins*, 684 P.2d 234 (Colo.1984).

Appellate courts are to consider the nature of the offense, the character of the offender, and the public interest in safety and deterrence when reviewing sentences for excessiveness. *Flower v. People*, 658 P.2d 266 (Colo.1983). Furthermore, a lengthy sentence may well be justified even in the absence of a criminal record when the offense is particularly egregious. *People v. Mattas*, 645 P.2d 254 (Colo.1982). And, rehabilitation is only one of many considerations that must be considered in determining the appropriate sentence. *People v. Horne*, 657 P.2d 946 (Colo.1983).

Here, the record clearly establishes justification for defendant's sentence. *See People v. Warren*, 200 Colo. 110, 612 P.2d 1124 (1980).

The trial court imposed sentences within the presumptive range for both offenses. It found that the nature of the offenses was extremely serious. The defendant had terrorized the same family on two separate occasions, and the victims were having emotional problems from the defendant's conduct. Also, the court was of the view that probation would seriously diminish the significance of the defendant's conduct. Under these circumstances, defendant has failed to show that the court here went beyond the ambit of its discretion.

Sentences affirmed.

METZGER and CRISWELL, JJ., concur.