The PEOPLE of the State of Colorado, Petitioner–Appellee,

In the Interest of M.M.O.P., a Child, Appellant.

No. 92CA1413.

Colorado Court of Appeals, Div. III.

Dec. 2, 1993.

Rehearing Denied Jan. 20, 1994.

Certiorari Denied May 16, 1994.

Gale A. Norton, Atty. Gen., Raymond T. Slaughter, Chief Deputy Atty. Gen., Timothy M. Tymkovich, Sol. Gen., Lynn G. Guissinger, Sp. Asst. Atty. Gen., Denver, for petitioner-appellee.

Normando R. Pacheco, Denver, for appellant.

Opinion by Judge PLANK.

M.M.O.P. appeals the judgment of delinquency entered and the sentence imposed following a jury verdict finding him guilty of conduct which would constitute first degree assault if committed by an adult. We affirm.

### I.

M.M.O.P. first contends that his right to equal protection was violated by the trial court's failure to grant each side five rather than four peremptory challenges. We disagree.

While peremptory challenges are an important right of an accused, they are not constitutionally required, *People v. Hollis*, 670 P.2d 441 (Colo.App.1983), and the opportunity for such challenges must therefore be taken along with those limitations attendant upon the manner of its exercise. *People v. Durre*, 713 P.2d 1344 (Colo.App.1985).

C.R.J.P. 3.5(b) provides that examination, selections, and challenges for jurors shall be in accordance with C.R.C.P. 47, except the grounds for challenge for cause shall be as provided by Crim.P. 24. C.R.C.P. 47(h) states that each side shall be entitled to four peremptory challenges.

Here, the trial court followed the requirements of the applicable rules of procedure and granted\each side four peremptory challenges. The allocation of peremptory challenges is not a matter of judicial discretion. *Blades v. DaFoe*, 704 P.2d 317 (Colo. 1985).

We also reject M.M.O.P.'s assertion that his right to equal protection was violated in this regard. He argues that because he was charged with being a violent juvenile offender under § 19–2–803, C.R.S. (1993 Cum.Supp.) and because an aggravated juvenile offender is entitled to five peremptory challenges under § 19–2–804(4)(b)(I), C.R.S. (1993 Cum.Supp.), he should have received five peremptory challenges.

The General Assembly has created classes of juvenile offenders. The elements constituting an aggravated juvenile offender differ from those constituting a violent juvenile offender. M.M.O.P. has not shown there is unequal treatment within the class of violent juvenile offenders. *See Aue v. Diesslin*, 798 P.2d 436 (Colo.1990). Hence, M.M.O.P. has not been denied equal protection of the laws.

### II.

M.M.O.P. also contends that the trial court was not required as a matter of law to sentence him to commitment out of the home for one year. We disagree.

Section 19–2–803(2)(a), C.R.S. (1993 Cum. Supp.) provides:

Upon adjudication as a violent juvenile offender, the juvenile shall be placed or committed out of the home for not less than one year; except that this subsection (2) shall not apply to a juvenile who is thirteen years of age or older, but less than fifteen years of age, when the court finds that an alternative sentence of a commitment of less than one year out of the home would be more appropriate.

Our primary task in construing a statute is to ascertain and give effect to the intent of the General Assembly. *Charnes v. Boom,* 766 P.2d 665 (Colo.1988). To discern legislative intent, a court should look first to the statutory language. *People v. Warner,* 801 P.2d 1187 (Colo.1990). Statutory words and phrases should be given effect according to their plain and ordinary meaning. And, the statute must be read and considered as a whole. *People v. District Court,* 713 P.2d 918 (Colo.1986).

Here, the juvenile was seventeen years of age on the date of adjudication. The statutory language provides that, if a juvenile has been adjudicated a violent juvenile offender, then he or she shall be committed out of the home for not less than one year unless he or she falls within one of the statutory exceptions. The generally accepted and familiar meaning of "shall" indicates that this term is mandatory. *People v. District Court, supra.*

By the jury verdict, M.M.O.P. was found to be a violent juvenile offender. M.M.O.P. does not argue that he falls within one of the statutory exceptions. Accordingly, the trial court was required to commit the juvenile for not less than one year out of the home.

Moreover, the enactment of the Juvenile Intensive Supervision Program, § 19–2–1501, et seq., C.R.S. (1993 Cum.Supp.) does not change the requirements of § 19–2–803(2)(a). That program applies to any juvenile who has been placed on probation and who presents a high risk of future placement within juvenile correctional facilities. Section 19–2–1501, C.R.S. (1993 Cum.Supp.). M.M.O.P. was not placed on probation.

Hence, the provisions of § 19–2–803(2)(a) apply and the trial court was correct in committing M.M.O.P. for one year.

Accordingly, the judgment and sentence are affirmed.

METZGER and HUME, JJ., concur.