The PEOPLE of the State of Colorado, Plaintiff–Appellee,

v.

Jeffrey PROPHET, Defendant–Appellant.

No. 00CA1131.

Colorado Court of Appeals, Div. III.

Oct. 11, 2001.

Certiorari Denied March 4, 2002.

Ken Salazar, Attorney General, Dawn M. Weber, Assistant Attorney General, Denver, CO, for Plaintiff–Appellee.

David S. Kaplan, Colorado State Public Defender, Shann Jeffery, Deputy State Public Defender, Denver, CO, for Defendant–Appellant.

Opinion by Judge JONES.

Defendant, Jeffrey Prophet, appeals the sentence imposed by the trial court pursuant to his guilty pleas to second degree murder and second degree assault. We dismiss the appeal.

During a domestic altercation on August 26, 1999, defendant severely beat his girlfriend and then fatally shot her in the back as she ran from their house.

Defendant pled guilty pursuant to a plea agreement, which provided that defendant's total sentence would not exceed sixty years plus mandatory parole.

The trial court sentenced defendant to consecutive sentences to the Department of Corrections (DOC) for forty-eight years for second degree murder and twelve years for second degree assault. This appeal followed.

Defendant contends the trial court abused its discretion by sentencing him to the maximum term of incarceration allowed under his plea agreement. The People, however, argue that the provisions of § 18–1–409(1), C.R.S. 2001, bar defendant's appeal because his sentence is within the range allowed by his plea agreement. We agree with the People.

Section 18–1–409(1) provides, in pertinent part:

When sentence is imposed upon any person following a conviction of any felony, ... the person convicted shall have the right to one appellate review of the propriety of the sentence ... except that, if the sentence is within a range agreed upon by the parties pursuant to a plea agreement, the defendant shall not have the right of appellate review of the propriety of the

sentence. The procedures to be employed in the review shall be as provided by supreme court rule.

Here, pursuant to the plain language of the statute, defendant has no right to appeal his sentence because it is within the range allowed by his plea agreement. *But see People v. O'Dell,* —— P.2d ——, 2001 WL 1135646 (Colo.App. No. 00CA1656, Sept. 27, 2001).

Nevertheless, defendant argues, in essence, that the statute conflicts with C.A.R. 4(c)(1) and that the statutory provision must give way. We are not persuaded.

C.A.R. 4(c)(1) provides, in relevant part:

Availability of Review.... [A] person upon whom sentence is imposed for conviction of a felony shall have the right to one appellate review of the propriety of the sentence....

Defendant has not argued the applicability of any exception to C.A.R. 4(c)(1), but asserts that, insofar as the rule does not acknowledge the exception mentioned in the statute, the statute and the rule appear to conflict with regard to a defendant's right to obtain appellate review of his or her sentence. Relying on *People v. Arevalo,* 835 P.2d 552 (Colo.App.1992), defendant argues that where a rule and statute conflict, the rule governs. We disagree.

■ If a statute governing procedural matters in criminal cases conflicts with a rule promulgated by the supreme court, the rule controls because the statute would be a legislative invasion of the court's rulemaking powers. However, in substantive matters, a statutory enactment prevails over a conflicting supreme court rule. *See People v. McKenna,* 196 Colo. 367, 585 P.2d 275 (1978). Consequently, when a rule and statute conflict, the conflict is resolved by determining whether the matter affected is substantive or procedural. *People v. Hollis,* 670 P.2d 441 (Colo. App.1983).

■ In distinguishing between substance and procedure, rules adopted to permit the courts to function efficiently are procedural, whereas matters of public policy are substantive and are, therefore, appropriate subjects for legislation. *People v. Wiedemer,* 852

P.2d 424 (Colo.1993). Substantive law has been defined as the positive law that creates, defines, and regulates the rights and duties of the parties. *Thiele v. City & County of Denver,* 135 Colo. 442, 312 P.2d 786 (1957); *see also Nye v. Industrial Claim Appeals Office,* 883 P.2d 607 (Colo.App.1994)(substantive statutes create, eliminate, or modify vested rights or liabilities).

■ Here, § 18–1–409(1) addresses a defendant's right to seek review of a sentence. It creates not only the general right of a defendant to seek one appellate review of the propriety of a sentence, but also carves out an exception to the general rule. As a matter of public policy, the General Assembly has determined that, under certain circumstances, a defendant has no right to seek appellate review of the propriety of a sentence. Consequently, we conclude that the statute here deals with substantive rights, not procedural matters.

The fact that § 18–1–409 defers to the supreme court to promulgate rules governing the procedures to be employed when a defendant is allowed to seek review does not render the statute procedural. Rather, the General Assembly simply recognized the right of the supreme court to adopt rules for the efficient administration of the courts, including the review of sentences. *See People v. Hollis, supra.*

To the extent that C.A.R. (4)(c)(1) provides that every defendant may seek review of the propriety of his or her sentence, it conflicts with the substantive provisions of § 18–1–409(1). Thus, contrary to defendant's argument, the statute prevails.

We are not persuaded otherwise by *People v. Arevalo, supra.* There, because the conflict between the statute and the rule concerned a procedural matter, a division of this court concluded that the rule prevailed.

We also reject defendant's related argument that, if a defendant's sentence falls within the range allowed by his plea agreement, but was otherwise illegally imposed, § 18–1–409(1) would foreclose his or her right to review the sentence. A defendant has the right to challenge an illegal sentence at any time under Crim. P. 35.

Because defendant's sentence did not exceed the sentencing cap set by his plea agreement, we conclude that he is precluded by § 18–1–409(1) from appealing the propriety of his sentence.

The appeal is dismissed.

Judge ROTHENBERG and Judge NIETO concur.