\        [No. 6130.]

## SALEEN v. THE PEOPLE.

1. **Practice in Criminal Cases—Setting Aside Judgment—Expiration of Term.**

Where the court adjourns for the term after sentencing one convicted of crime, it thereby loses all jurisdiction of the cause.—P. 320.

2. **Appellate Practice—Bill of Exceptions—Evidence of Former Hearing Included Therein.**

On writ of error to review the refusal of the district court to set aside a conviction and sentence and to discharge plaintiff in error, it appeared that two terms of the court had intervened between the sentence and the motion to discharge; and the transcript of record included the record of the original cause as well as the testimony given at that time, which were made a part of the motion to set aside the conviction, and as such transcript and copy they were made a part of the bill of exceptions, but there was no bill of exceptions in the original cause. Held, that the appellate court can consider only matters appearing in the record proper.—P. 320.

3. **Constitutional Law—Information and Indictment—Prosecution by Information—Statutory Provisions—Validity.**

Colo. const., art. 2, § 23, authorizes the legislature to change, regulate, or abolish the grand jury system, and therefore prosecutions by information may be provided by the legislature without violating such section.—P. 321.

4. **Practice in Criminal Cases—Punishment—Authority to Impose.**

Although the statute authorizes the jury in certain cases to determine the sentence to be inflicted, generally it is the duty of the court to sentence a defendant.—P. 321.

5. **Appellate Practice—Trial Court—Imposing Excessive Punishment—Record—Presumption.**

Where the contrary does not appear from the record, the appellate court will assume that the trial court did not abuse its discretion in fixing the sentence.—P. 321.

6. **Practice in Criminal Cases—Common Law—Statutes—Remedy for Every Injury—Perjured Testimony.**

The common law and the statutes afford a remedy for every injury, provided the person injured seeks relief in the manner designated by law; but the law does not grant relief through the judicial department to one convicted on perjured testimony

unless evidence of such fact is presented to the trial court within the time fixed by law.—P. 322.

**7.   Practice in Criminal Cases—Conviction—Newly Discovered Evidence—New Trial—Time to Apply.**

The court is without jurisdiction to grant a new trial in a criminal case on the ground of newly discovered evidence after the expiration of the term at which accused was convicted and sentenced.—P. 322.

**8.   Same—Remedy After Close of Term—Executive Department.**

Although a defendant convicted on perjured evidence, who does not comply with the provisions of law for a new trial or for a bill of exceptions, has no redress in the courts, still the executive department is open to him, and, upon proper showing and application, he may secure a pardon.—P. 322.

*Error to the District Court of the City and County of Denver.*

*Hon. Peter L. Palmer, Judge.*

Robert Saleen was convicted of larceny. A motion to annul the conviction and discharge accused was denied, and he brings error.          *Affirmed.*

Decision *en banc.*

Mr. H. B. O'REILLY, for plaintiff in error.

Mr. WM. H. DICKSON, attorney general, and Mr. HORACE PHELPS, deputy attorney general, for the people.

CHIEF JUSTICE STEELE delivered the opinion of the court:

The defendant was tried, convicted and sentenced to the penitentiary by the district court of the second judicial district, in November, 1905. During the month of October, 1906, the defendant filed his motion in the district court, asking that his conviction, sentence and commitment be annulled, and for his discharge, for certain reasons mentioned in the

motion. In the bill of exceptions it appears that it was shown in the motion for discharge that the defendant, at the time of the conviction and sentence, was but eighteen years of age, and that on the second and fifth days of December, 1905, following defendant's conviction, one Hugh Alderman, in a proceeding before the county court of the city and county of Denver, had admitted having committed the identical offense of which the defendant was adjudged guilty, and that the motion for discharge was overruled upon the ground that the district court was without jurisdiction to discharge the defendant because of the lapse of the term.

The errors assigned are: " (1) That the defendant was prosecuted for felony by information. (2) That the court exercised an unwarranted discretion in sentencing defendant to the penitentiary. (3) That the court exercised an unwarranted discretion in sentencing the defendant to the penitentiary for a term of three to five years. (4) That the legislature was inhibited from providing for prosecution by indictment or information as concurrent remedies, or in the discretion of the district attorney as to the method he would pursue. (5) The court erred in refusing to entertain his motion to annul his conviction, sentence and commitment solely because of the lapse of the term at which he was tried, when conclusive evidence was offered that he was not guilty by the confession and conviction of Hugh Alderman for the identical offense on December 5, 1905, upon prosecution therefor by the district attorney. (6) The court erred in refusing to hear evidence conclusive of his innocence from the records of the county court and the oral evidence of the judge of that court. (7) The court erred in refusing to consider questions of law conclusive of the legal fact·

that he was tried, convicted and sentenced in utter disregard of the law and of constitutional safeguards, state and national.''

There are several very substantial reasons why this court cannot, in this proceeding, grant relief. This is a writ of error to review the proceedings of the district court in refusing to discharge the defendant after conviction and sentence. Two full terms of the court had elapsed between the time of sentence and the filing of the motion. When the court adjourned for the term, after the sentence was imposed, it lost all jurisdiction and control of the cause. The transcript contains the record of the original cause. A transcript of the testimony taken in the original cause and a copy of the instructions given are made a part of the motion to set aside the judgment, and as such transcript and copy they are made a part of the bill of exceptions. As there was no bill of exceptions in the original cause, we can consider only those matters appearing in the record proper upon review. The record proper discloses that the defendant was proceeded against by information filed by the district attorney; that the jury found the defendant guilty of larceny, and found the value of the property stolen to be thirty-five dollars; and that the defendant was duly sentenced by the judge of the district court to a term in the penitentiary not exceeding five years and not less than three years. The defendant contends that the law authorizing prosecutions by information is unconstitutional; that the law vesting in the district attorney power to proceed in his discretion by indictment or by information is invalid; that the jury alone is authorized to fix the term of imprisonment; and that the court abused his discretion in sentencing the defendant to a term in the penitentiary.

The constitution, article 2, section 23, authorizes the legislature to change, regulate or abolish the grand jury system. This court has repeatedly held prosecutions by indictments and informations might be provided by the legislature.—*Jordan v. People,* 19 Colo. 417. The section of the constitution cited was not, therefore, violated by the legislature in its enactment concerning prosecutions by information.

No authority is cited sustaining the position of counsel that the jury alone can fix the term of imprisonment, and we know of none. Our statute authorizes the jury in certain cases to determine the sentence to be inflicted, but generally it is the duty of the court to sentence a defendant. It does not appear that the court abused his discretion in sentencing the defendant to a term in the penitentiary, nor are facts set forth in the record proper from a consideration of which we are at liberty to say that the court did or did not abuse his discretion, and we shall, therefore, assume that he did not err in sentencing the defendant.

The other matters complained of, we cannot consider. They relate to the refusal of the court to grant defendant's motion.

The defendant says that he is entirely innocent of the crime of which he was convicted; that he was convicted upon perjured testimony; that this can be established by proof that after his conviction another person confessed to having committed the crime; and he insists that, as the constitution provides that courts of justice shall be open to every person, and a speedy remedy afforded for every injury to person, property or character, that right and justice shall be administered without denial or delay, the district court should have considered his motion and should have granted it.

The common law and the statutes do afford a remedy for every injury, provided the person injured seeks relief in the manner the law designates. The law does not grant relief through the judicial department to one who has been convicted upon perjured testimony, unless he, within the time fixed by the law, presents to the court wherein he was sentenced, evidence of the fact of his illegal conviction. Many persons are, perhaps, convicted upon perjured testimony, but the law ordains that the jury shall judge of the credibility of the witnesses at the trial. If, after the trial, the defendant discovers new evidence and convinces the court that he has been unjustly convicted, the court may grant him a new trial. If, after sentence and within the term, he produces new evidence and shows the court that he has been unjustly convicted, the court may even then grant him a new trial; but, if he relies upon newly discovered evidence to effect his discharge, and he applies to the court for relief after the term has expired, the court is without jurisdiction, and the judicial department is then closed.

Although the judicial department is now closed to the defendant, the executive department is open to him, and upon proper showing and application he may secure a pardon. The constitution has wisely invested the governor with the power of granting pardons, and if it should appear to him that the defendant has been convicted through perjured testimony and that the courts are powerless to grant relief, he will undoubtedly extend executive clemency.

Judgment affirmed.                     *Affirmed.*

Decision *en banc.*