## No. 26474

### The People of the State of Colorado v. Robert Lee Berry

(550 P.2d 332)

Decided June 7, 1976.

J. D. MacFarlane, Attorney General, Jean Dubofsky, Deputy, Edward G. Donovan, Solicitor General, James S. Russell, Assistant, for plaintiff-appellee.

Rollie R. Rogers, State Public Defender, James F. Dumas, Jr., Chief Deputy, Dorian E. Welch, Deputy, Forrest W. Lewis, Deputy, Lee D. Foreman, Deputy, for defendant-appellant.

*In Department.*

Opinion by MR. JUSTICE ERICKSON.

This appeal requires that we review and specify additional crimes which fall within the principles we announced in *Robles v. People*, 160 Colo. 297, 417 P.2d 232 (1966). We reverse and remand with directions to dismiss. Crim. P. 29.

The defendant, Robert Lee Berry, was charged with an attempt to commit aggravated robbery, 1971 Perm. Supp., C.R.S. 1963, 40-2-101,[1] and with conspiracy to commit aggravated robbery, 1971 Perm. Supp., C.R.S. 1963, 40-2-201.[2] A jury found the defendant not guilty of attempt to commit aggravated robbery and guilty of the crime of conspiracy to commit aggravated robbery. Both crimes are inchoate offenses. In contrast, *Robles v. People, supra,* dealt specifically with the substantive crime of robbery and inchoate conspiracy offense. The same evidence before the jury was relied upon to support a conviction of aggravated robbery and conspiracy. The jury acquitted Robles of robbery and convicted him of the conspiracy charge:

"To convict one of the crime of conspiracy, three elements must necessarily be proven beyond a reasonable doubt. There must be a real agreement, combination or confederation with a common design between two or more persons to accomplish an unlawful purpose, which, in this state, must amount to a crime. *La Vielle v. People*, 113 Colo. 277, 157 P.2d 621. However, since a conspiracy is generally covert it must, consequently, be established in most cases by circumstantial evidence. *Medina v. People*, 154 Colo. 4, 387 P.2d 733. . . .

"[T]he jury, based on the evidence before it, found that the defendant was *not guilty* of the robbery. The very same evidence which the jury apparently did not believe was sufficient to prove the defendant participated in the robbery was the *only* evidence which could prove him guilty of conspiracy. Under such circumstances, the conspiracy verdict cannot stand."

---

[1] Now section 18-2-101, C.R.S. 1973.
[2] Now section 18-2-201, C.R.S. 1973.

The legislature, with an eye to *Robles*, enacted 1971 Perm. Supp., C.R.S. 1963, 40-2-206(2):[3]

"A person may not be convicted of conspiracy to commit an offense if he is acquitted of the offense which is the object of the conspiracy where the sole evidence of conspiracy is the evidence establishing the commission of the offense which is the object of the conspiracy."

■ The record establishes one transaction, and the elements of the crimes charged are such that acquittal of one is inconsistent with conviction of the other. No independent evidence exists in this case to establish a conspiracy.

The defendant relied upon an alibi defense and presented testimony to establish that he was at a party and had too much to drink and passed out. A number of witnesses corroborated his alibi. The acquittal of the attempted robbery charge indicated that the jury endorsed the alibi defense. Therefore, the conviction of conspiracy to commit the robbery is totally inconsistent with an acquittal of attempt to commit aggravated robbery.

The testimony before the jury was that two individuals entered the Lowry Superette and threatened the storekeeper with pistols. An attempt was made to take the funds that were in the cash register, but the cash register jammed, and no funds were obtained. When the cash register jammed, the would-be robbers, who had acted in concert, left the store and fled from the crime scene. No independent evidence, apart from the attempted commission of the robbery, exists to establish a conspiracy. The verdicts are inconsistent, and under the *Robles* decision, the conspiracy verdict cannot stand. *See also Hughes v. People*, 175 Colo. 351, 487 P.2d 810 (1971).

Accordingly, we reverse and remand with directions that the defendant's motion for a judgment of acquittal, pursuant to Crim. P. 29, be granted.

MR. JUSTICE HODGES, MR. JUSTICE KELLEY, and MR. JUSTICE GROVES concur.

---

[3] Now section 18-2-206(2), C.R.S. 1973.