## No. 27797

## The People of the State of Colorado v. Nick Ernest Warren

(582 P.2d 663)

Decided July 3, 1978.                    Rehearing denied August 28, 1978.

J. D. MacFarlane, Attorney General, David W. Robbins, Deputy, Edward G. Donovan, Solicitor General, Lynne Ford, Assistant, for plaintiff-appellee.

Nicholas J. Bourg, for defendant-appellant.

*En Banc.*

MR. JUSTICE CARRIGAN delivered the opinion of the Court.

Nick Ernest Warren appeals his convictions by a jury of second-degree burglary,[1] conspiracy to commit burglary,[2] felony theft,[3] agravated robbery,[4] conspiracy to commit aggravated robbery,[5] and use of a deadly weapon in the commission of robbery, a "crime of violence."[6] We reverse the convictions and remand for a new trial.

The crimes charged were allegedly committed by six persons, the appellant Warren, Johnson, Girard, Albers, and two juveniles, Hendricks and Jones. The two juveniles testified that by mutual agreement the six had burglarized the home of Johnson's father, stealing several items, including guns which were used later the same evening to rob a liquor store.

According to the testimony, Warren, Jones, and Hendricks robbed the liquor store at gunpoint, then fled in Girard's car, in which Girard and the two others were waiting. The storekeeper followed and fired several shots, whereupon the car hit a fence and the six occupants fled on foot.

Three of the participants, Girard, Albers and Hendricks, were arrested later that night when they went to the police station to report Girard's car as stolen. This report was apparently an attempt to provide a "cover story" for use of the car in the robbery. Another participant, Jones, was found and arrested during a consent search of Hendricks' apartment. Jones described the appellant to police and gave an address where he thought the appellant could be found. About two blocks from the suggested address, two officers saw a person matching the description given by Jones. One officer greeted the person by the appellant's name. When he responded to that name, and his movements caused the officers to observe a revolver on his person, the officers arrested him.

After repeated pretrial motions for severance were denied,[7] Warren, Girard, and Albers were jointly tried before a jury. Warren and Albers

---

[1] Section 18-4-203, C.R.S. 1973.
[2] Section 18-2-201, C.R.S. 1973.
[3] Section 18-4-401, C.R.S. 1973.
[4] Section 18-4-302, C.R.S. 1973.
[5] Section 18-2-201, C.R.S. 1973.
[6] Section 16-11-309, C.R.S. 1973 (1977 Supp.).
[7] One count against the appellant — possession of a weapon by a previous offender — was severed for trial. A *nolle prosequi* was later entered as to this count, and it is not involved in this appeal.

both testified. Each stated in essence that he was not at the scene of either crime. Girard did not testify, but he too presented a defense intended to show that he had not participated in the crimes. The defendants' motions to sever were renewed and denied at the close of the prosecution's case and again at the conclusion of all the evidence.

The jury found the appellant Warren guilty of all charges, including the "crime of violence." Girard was convicted of all charges except the "crime of violence." Albers was acquitted of all charges except conspiracy to commit robbery. Each has brought a separate appeal to this court.[8]

In this case, the appellant raises the following issues: (1) whether the trial court erred in denying severance of defendants; (2) whether a mistrial should have been declared when one witness referred to the appellant's prior record; (3) whether section 16-10-104, C.R.S. 1973, dealing with peremptory challenges, is unconstitutional; (4) whether the appellant's arrest was based on probable cause; and (5) whether other errors had the cumulative effect of denying a fair trial. We agree with the appellant's first contention, that the trial court should have granted separate trials, and therefore reverse and remand for a new trial. Because of this disposition of the case, we need not address the other issues.

The standards for relief from joinder of defendants are established in Crim. P. 14, as follows:

"If it appears that a defendant or the prosecution is prejudiced by a joinder of offenses or of defendants in any indictment or information, or by such joinder for trial together, the court may order an election or separate trials of counts, grant a severance of defendants, or provide whatever other relief justice requires. However, upon motion any defendant shall be granted a separate trial as of right if the court finds that the prosecution probably will present against a joint defendant evidence, other than reputation or character testimony, which would not be admissible in a separate trial of the moving defendant. . . ."

A motion for severance is directed to the sound discretion of the trial court,[9] and absent an abuse of that discretion resulting in prejudice to the moving defendant, denial of the motion will not be disturbed on appeal. *People v. Maestas*, 183 Colo. 378, 517 P.2d 461 (1973); *People v. Trujillo*, 181 Colo. 350, 509 P.2d 794 (1973).

Factors to be considered in determining whether denial of severance constitutes an abuse of discretion include the following: (1) whether

---

[8] Our opinions in the other two cases are announced contemporaneously with this opinion. *People v. Girard*, 196 Colo. 68, 582 P.2d 666; *People v. Albers*, 196 Colo. 66, 582 P.2d 667.

[9] Crim. P. 14, *supra*, provides that in certain conditions severance is a matter of right. The People had obtained a statement which, if used at trial, might have required severance, but they agreed prior to trial that the statement would not be offered as evidence. Therefore the trial did not involve the problem of evidence admissible against only one defendant.

the number of defendants or the complexity of evidence is such that the jury will probably confuse the evidence and law applicable to each defendant; (2) whether, despite admonitory instructions, evidence admissible against one defendant will improperly be considered against another; and (3) whether the defenses presented are antagonistic. *People v. Maestas, supra. See also Eder v. People,* 179 Colo. 122, 498 P.2d 945 (1972); *ABA Standards for Criminal Justice Relating to Joinder and Severance* (1968).

■ In this case, we conclude that a number of factors, each of which standing alone might not require severance, combined to deny this appellant "a fair determination of guilt or innocence." *Eder v. People, supra.*

First of all, the appellant elected to take the stand and testify in his own behalf, while the co-defendant, Girard, did not. Obviously, the appellant's attorney could not comment on Girard's silence, for to do so would have violated Girard's Fifth Amendment rights. Nonetheless, as we recognized in *Eder v. People, supra,* there is a distinct element of unfairness, albeit not always prejudicial, in denying one co-defendant any favorable inference to be drawn from the other's silence, for it prohibits him from urging upon the jury every point favorable to his case. *See also DeLuna v. United States,* 308 F.2d 140 (5th Cir. 1962), *reh. denied* 324 F.2d 375 (5th Cir. 1963).

Second, although the three co-defendants' defenses were not inherently antagonistic[10] — in that all three denied any participation in the crimes — the conduct of those defenses at trial clashed seriously. For example, testimony elicited by counsel for co-defendant Girard, intended to impeach a prosecution witness and place Girard at a location away from the crime scene, had the incidental effect of identifying the appellant as one who had "come up with the idea" of the burglary and robbery. Since Girard's guilt would not have been at issue in a separate trial of Warren, this testimony would have been irrelevant, and the problem would not have arisen. As counsel for the appellant pointed out, he was being prosecuted both by the district attorney and by a co-defendant who sought to exonerate himself and identify the appellant as the apparent "ringleader."

With similar effect, in closing argument co-defendant Albers' attorney contrasted his client with the appellant and Girard, implying that Albers' participation, if any, was simply the result of association with "bad company." Again, this type of conflict would not have arisen had separate trials been granted.

Other examples could be listed, but the point is that, despite the apparently consistent defenses of all three co-defendants, trial tactics which were perfectly valid for each co-defendant resulted in adverse implications

---

[10] *Cf. Eder v. People, supra.*

regarding the appellant. The circumstances reflected by the record in this particular case, combined with the fact that two co-defendants testified while one did not, lead us to conclude that the appellant was denied a fair trial.

Accordingly, the trial court's judgment is reversed, and the cause is remanded for a new trial.

MR. JUSTICE KELLEY dissents.

MR. JUSTICE HODGES does not participate.