## No. 28022

### The People of the State of Colorado v. Dean Allen Albers

(582 P.2d 667)

Decided July 3, 1978.                    Rehearing denied August 21, 1978.

J. D. MacFarlane, Attorney General, David W. Robbins, Deputy, Edward G. Donovan, Solicitor General, Lynne Ford, Assistant, for plaintiff-appellee.

Rollie R. Rogers, State Public Defender, James F. Dumas, Jr., Chief Deputy, Lee Belstock, Deputy, for defendant-appellant.

*En Banc.*

MR. JUSTICE CARRIGAN delivered the opinion of the Court.


This appeal arises from the same trial involved in *People v. Warren,* 196 Colo. 75, 582 P.2d 663 and *People v. Girard,* 196 Colo. 68, 582 P.2d 666, announced contemporaneously with this opinion. A complete statement of facts is contained in *People v. Warren.* Appellant Albers was convicted of conspiracy to commit robbery.[1] We affirm.

The appellant's sole contention on appeal is that since he was acquitted of the substantive robbery charge, and the "same fund of evidence" supported the conspiracy conviction, he must be acquitted of the conspiracy charge as well. We do not agree.

■ To convict one of the crime of conspiracy, three elements must be proven beyond a reasonable doubt. These are: (1) a real agreement, combination or confederation with a common design; (2) between two or more persons; (3) to accomplish an unlawful purpose which amounts to a crime. *Robles v. People,* 160 Colo. 297, 417 P.2d 232 (1966).

■ We held in *Robles,* however, that acquittal of a substantive offense forecloses conviction of conspiracy to commit that offense, only if the identical evidence relied upon to establish the conspiracy is the very evidence which proved insufficient to establish the substantive offense. This rule has since been embodied in statutory form, as follows:

"A person may not be convicted of conspiracy to commit an offense if he is acquitted of the offense which is the object of the conspiracy *where the sole evidence of conspiracy is the evidence establishing the commission of the offense which is the object of the conspiracy.*" Section 18-2-206(2), C.R.S. 1973 (Emphasis added.)

*See also, e.g., People v. Berry,* 191 Colo. 125, 550 P.2d 332 (1976); *People v. Samora,* 188 Colo. 74, 532 P.2d 946 (1975); *People v. Coca,* 185 Colo. 10, 521 P.2d 781 (1974).

■ In this case, contrary to the appellant's assertions, there is ample evidence of conspiracy independent of that establishing commission of the robbery itself. The People presented testimony by two of the six participants indicating that *all six,* while riding around in one co-defendant's car, agreed to rob the liquor store. This testimony, if believed by the jury, was sufficient to sustain the conspiracy conviction. *See People v. Berry, supra.*

Moreover, the evidence indicating the appellant's involvement in the robbery itself was inconsistent and uncertain. The proof indicated that

---

[1] Section 18-2-201, C.R.S. 1973.

only three of the six actually entered the liquor store and actively participated, and at least one witness testified that the appellant was *not* one of those three. The robbery victim could not state with certainty how many people were in the vehicle used in the robbery. Thus it would have been entirely consistent with this evidence for the jury to conclude that the People had proven beyond a reasonable doubt that the appellant had participated in the *agreement* to commit the robbery, but failed to meet the prosecution's burden of proving that he had participated in actually committing the robbery. *See People v. Coca, supra.*

Accordingly, the trial court's judgment is affirmed.

MR. JUSTICE HODGES does not participate.