The PEOPLE of the State of Colorado, Plaintiff-Appellant,

v.

Gene BADHAWK, Defendant–Appellee.

No. 86SA318.

Supreme Court of Colorado, En Banc.

Sept. 12, 1988.

Rehearing Denied Oct. 11, 1988.

Norman S. Early, Jr., Dist. Atty., Donna Skinner Reed, Deputy Dist. Atty., Denver, for plaintiff-appellant.

David F. Vela, Colorado State Public Defender, Judy Fried, Deputy State Public Defender, Denver, for defendant-appellee.

KIRSHBAUM, Justice.

The People appeal the trial court's order setting aside a jury verdict finding the appellee, Gene Badhawk, guilty of the offense of aggravated robbery and entering a judgment of guilty of simple robbery.[1] The trial court concluded that the initial verdict was inconsistent with the jury's subsequent special finding that Badhawk did not use, or possess and threaten to use, a deadly weapon during the commission of the robbery. Because we do not find the jury's verdict inconsistent with its special finding, we reverse and remand with directions to reinstate the verdict.

I

On November 6, 1985, an information was filed against Badhawk alleging commission of the offense of aggravated robbery, in violation of section 18–4–302, 8B C.R.S. (1986), and commission of a crime of violence, in violation of section 16–11–309, 8A C.R.S. (1986).[2] A jury trial on these charges commenced on April 16, 1986. After considering the evidence and the instructions, which instructions advised the jury that it could find Badhawk guilty of the lesser included offense of simple robbery, as defined in section 18–4–301, 8B C.R.S. (1986), the jury returned a verdict finding Badhawk guilty of aggravated robbery. The trial court then instructed the

---

1. This appeal is filed pursuant to § 16-12-102(1), 8A C.R.S. (1986).

2. Section 18–4–302 was amended, effective July 1, 1986, to include a provision which requires courts to sentence defendants convicted of aggravated robbery under § 18–4–302(1)(b), 8B C.R.S. (1986), in accordance with § 16–11–309. Ch. 138, § 9, § 18–4–302(1)(b), 1986 Colo.Sess. Laws 777–78.

jury to determine whether Badhawk had committed a crime of violence.[3] The jury returned a special finding form containing the conclusion that Badhawk "did not use, or possess and threaten the use of, a deadly weapon during the commission of the crime of [a]ggravated [r]obbery."

On April 28, 1986, Badhawk filed a motion for new trial or, alternatively, for judgment of acquittal, asserting that the jury's verdict was inconsistent with its special finding. The trial court agreed with Badhawk's argument, set aside the jury's initial verdict and entered judgment against Badhawk on the lesser included offense of robbery. This appeal followed.

## II

The People argue that the trial court erred in ruling that the jury verdict was inconsistent with the special finding. Badhawk asserts that the evidence supporting the jury's special finding that he did not use, or possess and threaten the use of, a deadly weapon during the commission of the aggravated robbery was the only evidence supporting the jury's verdict that he had committed aggravated robbery and that, therefore, the two are inconsistent. Badhawk also argues that the People's appeal should be dismissed for failure to provide this court with an adequate record.

■ Appeals raising issues concerning alleged inconsistencies of multiple jury verdicts usually require thorough analysis by the appellate court of the evidence presented at trial. *See, e.g., People v. Hoffman,* 655 P.2d 393 (Colo.1982) (observing the ne-

cessity of examining the record to determine whether independent evidence supported guilty verdict on conspiracy charge); *People v. Morgan,* 637 P.2d 338, 344 (Colo. 1981) ("In Colorado, jury verdicts will not be reversed for inconsistency when the 'crimes charged required different elements of proof, *and the jury could ... find from the very same evidence* that [an] element of one crime was present while at the same time finding that [an] element of another charged crime was absent.'") (quoting *People v. Mayfield,* 184 Colo. 399, 403, 520 P.2d 748, 750 (1974)) (emphasis added); *Robles v. People,* 160 Colo. 297, 417 P.2d 232 (1966) (verdicts inconsistent where the very same evidence which the jury did not believe was sufficient to prove the defendant participated in robbery was the only evidence which could prove him guilty of conspiracy). Were that type of evidentiary analysis dictated here, Badhawk's argument for dismissal would assume added significance. However, the two formal acts of the jury in this case are not inconsistent in view of the instructions the jury received. Thus, an analysis of the evidence is unnecessary to resolve the initial question raised by the People's appeal.[4]

The offense of aggravated robbery was defined for the jury by Instruction No. 9, which states in pertinent part as follows:

## INSTRUCTION NO. 9

The elements of the crime of Aggravated Robbery are:

(1) That the defendant,

. . . .

(4) took anything of value,

3. The trial court apparently adopted the bifurcated procedure appropriate for determination of this sentence-enhancing issue. *See, e.g., People v. Eggers,* 196 Colo. 349, 585 P.2d 284 (1978); *Brown v. District Court,* 194 Colo. 45, 569 P.2d 1390 (1977); *People v. Espinoza,* 669 P.2d 142 (Colo.App.1983), *aff'd* 712 P.2d 476 (Colo.1985). *See also* § 16–11–309, 8A C.R.S. (1986); Crim.P. 32(b).

4. Neither party to this appeal has provided us with transcripts of any evidentiary portions of the trial. We therefore do not address the People's argument that the rule announced in *Robles v. People,* 160 Colo. 297, 417 P.2d 232 (1966), and adopted by the General Assembly in section 18–2–206(2), 8B C.R.S. (1986), should be reexamined in view of this court's decision in

*Crane v. People,* 91 Colo. 21, 11 P.2d 567 (1932), and the decisions of the United States Supreme Court in *United States v. Powell,* 469 U.S. 57, 105 S.Ct. 471, 83 L.Ed.2d 461 (1984), and *Dunn v. United States,* 284 U.S. 390, 52 S.Ct. 189, 76 L.Ed. 356 (1932). *See also Starr v. People,* 113 Colo. 268, 157 P.2d 135 (1945); § 18–1–408(1)(c), 8B C.R.S. (1986). Badhawk suggests that the trial court's order was based in part on a determination that the evidence failed to support a verdict of guilty with respect to the aggravated robbery offense. We do not view the order as having been based on any such evaluation of the evidence, and the absence of any transcript precludes this court from undertaking such a review.

(5) from the person or presence of Clarence L. Munsey,

(6) by the use of force, threats, or intimidation, and

(7) during the act of robbery or the immediate flight therefrom,

....

(9) put the person robbed, or any other person, in reasonable fear of death or bodily injury,

(10) by the use of force[,] threats or intimidation,

(11) with a deadly weapon.

After considering all the evidence, if you decide the prosecution has proven each of the elements beyond a reasonable doubt, you should find the Defendant Guilty of Aggravated Robbery.

After considering all the evidence, if you decide the prosecution has failed to prove each of the elements beyond a reasonable doubt, you should find the Defendant Not Guilty of Aggravated Robbery.

The two instructions given to the jury concerning its role in executing the special finding form state as follows:

### INSTRUCTION NO. 16

The Second Count of the Information alleges the use of a deadly weapon during the commission of certain felonies.

This offense is proven if the defendant, GENE BADHAWK, during the commission of the crime of Aggravated Robbery, or during the immediate flight therefrom, used or possessed and threatened the use of, a deadly weapon.

The elements of this offense are:

(1) During the commission of the crime of Aggravated Robbery, or during the immediate flight therefrom, the defendant

(2) used, or possessed and threatened the use of, a deadly weapon.

If, after considering all of the evidence, you find that the prosecution has established beyond a reasonable doubt that the defendant, GENE BADHAWK, acted in such a manner so as to satisfy all of the above elements at or about the date and place stated in the Information, you should find that the prosecution has proven that the defendant possessed a deadly weapon during the commission of Aggravated Robbery. If you do not so find, you should find that the prosecution has not proved that the defendant possessed a deadly weapon during the commission of Aggravated Robbery.

You will make your findings as concerns this issue on a form of finding submitted to you.

### INSTRUCTION NO. 17

The presumption in Instruction No. 14 does not apply to your deliberations concerning the use or possession and threatened use of a deadly weapon. The fact that there is no presumption does not mean that you cannot find beyond a reasonable doubt that the defendant used or possessed and threatened the use of a deadly weapon, nor does it mean that you must so find.

If you find that the Prosecution has established beyond a reasonable doubt by direct and/or circumstantial evidence that the defendant used or possessed and threatened the use of a deadly weapon, you should so indicate in the jury finding. If you do not so find, you should so state in the jury finding.

The special finding form required the jury to determine only whether Badhawk used, or possessed and threatened to use, "a deadly weapon *during the commission of the crime* of [a]ggravated [r]obbery." (emphasis added).[5]

■ A comparison of Instruction No. 9 with Instruction No. 16, Instruction No. 17 and the special finding form convinces us that the special finding is not inconsistent with the jury's verdict. During the guilt

---

**5.** The special finding form states as follows:

JURY FINDING
[COUNT NO. TWO]
THE PEOPLE OF THE STATE OF COLORADO,
Plaintiff,

vs.
GENE BADHAWK,
Defendant.

\* I. We the jury, find that the Defendant, GENE BADHAWK, did not use, or possess and threaten the use of, a deadly weapon

phase of the trial, the jury was provided with Instruction No. 9, but not Instruction Nos. 16 and 17. Instruction No. 9 permits a verdict of guilty if a deadly weapon was used during "the immediate flight" from the act of robbery. Instruction No. 16—the only definitional instruction given to the jury during its sentence-enhancement deliberations—defines the "offense" as including as an element thereof the use of a weapon either during the immediate flight from the commission of the crime of aggravated robbery or during the commission of that crime. However, the special finding form itself requires the specific finding that the weapon was used "during the commission of the crime."

Under these instructions, the jury could well have concluded that although use of a deadly weapon during immediate flight from the commission of the robbery was an element of the "offense" referred to in the second count, and therefore the prosecution could satisfy its burden of establishing that offense by proving either that Badhawk had a deadly weapon while committing the robbery or that he possessed such weapon while fleeing from the commission of the robbery, the only special finding to be made was whether the prosecution had established the former element. From this perspective, the jury could have found Badhawk guilty of aggravated robbery because he possessed a deadly weapon not during the commission of the robbery but only during the immediate flight therefrom, and its special finding is not inconsistent with its initial verdict.

### III

For the foregoing reasons, the judgment of the trial court is reversed and the case is

remanded with directions to reinstate the jury's verdict of guilty with respect to the offense of aggravated robbery.

---

during the commission of the crime of Aggravated Robbery.

_____
Foreperson

\* II. We the jury, find that the Defendant, GENE BADHAWK, did use, or possess and threaten the use of, a deadly weapon during the commission of the crime of Aggravated Robbery.

_____
Foreperson

\* The foreperson should sign _only one_ of the above (I. or II.).

Instruction No. 14, referred to in Instruction No. 17, and Instruction No. 14A refer to the evidentiary presumption arising from proof that a person possessed an article used or fashioned so as to lead another to believe reasonably that it is a deadly weapon, or that the person made a verbal or other representation that he or she was then and there so armed. The parties agree that Instruction Nos. 14 and 14A were not resubmitted to the jury for use during its deliberations respecting the special finding. Apparently, Instruction No. 9 was also not resubmitted to the jury for use during its deliberations with respect to the special finding form.