The PEOPLE of the State of Colorado, Plaintiff–Appellee,

v.

Narcisco G. CASTENADA, Defendant–Appellant.

No. 86CA1656.

Colorado Court of Appeals, Div. II.

Aug. 25, 1988.

Rehearing Denied Sept. 29, 1988.

Certiorari Granted (People) Dec. 19, 1988.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Hope McGowan, Timothy E. Nelson, Asst. Attys. Gen., Denver, for plaintiff-appellee.

David F. Vela, State Public Defender, Philip R. Cockerille, Sp. Deputy State Public Defender, Denver, for defendant-appellant.

KELLY, Chief Judge.

The defendant, Narcisco G. Castenada, was found guilty by a jury of aggravated robbery in violation of § 18–4–302(1)(b), C.R.S. (1986 Repl.Vol. 8B), but was found not to have "used, or possessed and threatened the use of, a deadly weapon during the commission of ... [a] robbery" within the meaning of § 16–11–309(2)(a)(I), C.R.S. (1986 Repl.Vol. 8A). Relying on *Robles v. People*, 160 Colo. 297, 417 P.2d 232 (1966), he argues that the verdict and finding are inconsistent, and he seeks reduction of the verdict to simple robbery and re-sentencing, or a new trial. We reverse and remand to the trial court for re-sentencing.

One morning in 1985, the defendant entered a Denver parking lot, approached the attendant, and ordered him to remove the cash from the cash drawer and put it in an empty plastic cup the defendant had placed on the counter. With one hand in his jacket pocket, he said, "I have a gun." He then asked for and received the attendant's parka. Leaving the cup and money on the counter, the defendant fled the scene with the parka. He was apprehended several hours later wearing the parka. It was not established by the evidence that he was actually in possession of a gun at the time of the robbery.

Jury consideration of the aggravated robbery and crime of violence counts was bifurcated by the trial court. The jury first returned its verdict of guilty on the aggravated robbery count and was then given separate instructions for consideration of the crime-of-violence count. It returned a finding that the defendant "did not use or possess and threaten the use of, a deadly weapon during the commission of the crime of Aggravated Robbery."

I.

The People argue that the aggravation element in § 18–4–302(1)(b), C.R.S. (1986 Repl.Vol. 8B) is not the same as the violent crime element of § 16–11–309(2)(a)(I), C.R.S. (1986 Repl.Vol. 8A) authorizing sentence enhancement. The contention is that a charge of aggravated robbery does not require evidence of actual use or possession of a deadly weapon, while a charge of commission of a vio-

lent crime does require such proof. We disagree.

While the aggravated robbery statute does not explicitly require possession by a defendant of a deadly weapon, the plain language of § 18–4–302(1)(b) carries that strong implication. Thus, the statute states that:

"A person ... is guilty of aggravated robbery if during the act of robbery ...:

(b) He[,] ... by the use of force, threats, or intimidation with a deadly weapon knowingly puts the person robbed ... in reasonable fear of death or bodily injury...."

Moreover, the General Assembly has provided further, in § 18–4–302(2), C.R.S. (1986 Repl.Vol. 8B):

"[A]ny verbal or other representation by the defendant that he is then and there [armed with a deadly weapon], is prima facie evidence under subsection (1) of this section that he was so armed."

We regard this statutory language as dispositive of the issue. Were it possible to obtain a conviction of aggravated robbery without a showing that the defendant was armed with and in possession of a deadly weapon, this statutory presumption would not have been necessary. It is our obligation to harmonize and to give effect to all the provisions of a statute. *People v. District Court*, 713 P.2d 918 (Colo.1986).

■ Accordingly, we reject the People's argument that, because the only evidence that the defendant possessed a gun was his verbal and manual communications, the jury could consistently convict him of aggravated robbery and yet find that he had not committed a crime of violence. A conviction for aggravated robbery requires proof that the defendant placed the victim in fear with a deadly weapon. The People proved this element of aggravated robbery by relying on the presumption contained in § 18–4–302(2). However, if the jury was convinced beyond a reasonable doubt that all of the elements of aggravated robbery were present, it could not also consistently find that the defendant did not possess a deadly weapon, thereby exonerating him of the commission of a violent crime.

Here, we must conclude that, since the jury returned the specific negative finding on the violent crime count, it was not convinced beyond a reasonable doubt that all the elements of aggravated robbery were present. Our conclusion is fortified by the absence of instruction to the jury informing it of the statutory presumption. Since the evidence supports a conviction of simple robbery, however, we need not require a new trial, but rather have the option of reducing the grade of the crime to the lesser offense.

## II.

■ We also reject the People's argument that any inconsistencies in the findings are irrelevant because one statute deals with the substantive crime, while the other is merely a sentence enhancer. An accused person must be found to have committed the substantive offense before the provisions of § 16–11–309(2)(a)(I), C.R.S. (1986 Repl.Vol. 8A) apply. *Brown v. District Court*, 194 Colo. 45, 569 P.2d 1390 (1977). If the elements of the substantive offense and the sentence enhancer are the same, as here, the verdicts must be consistent if based on the same facts. *See Robles v. People, supra*. The inconsistent findings in this case are based on the same facts.

## III.

■ The People also argue that a jury is not obliged to return a consistent finding on a violent crime count, since it may accord lenience to the defendant as to the sentence enhancer. The jury here was not instructed that a finding that the defendant committed a violent crime related to the sentence only. Indeed, it would be reversible error to do. so.

Sentencing is the exclusive province of the court with which, absent a contrary statute, the jury has no concern. *Saleen v. People*, 41 Colo. 317, 92 P. 731 (1907). The sole function of the jury as to the crime of violence adjudication is to return the fact-finding required by the statute.

The judgment of conviction of aggravated robbery is reversed, and the cause is remanded to the trial court with directions to enter a judgment of conviction of simple robbery, and to impose sentence for that offense.

SMITH and VAN CISE, JJ., concur.