### The PEOPLE of the State of Colorado, Petitioner,

v.

### Paul West LUTZ, Respondent.

No. 89SC672.

Supreme Court of Colorado, En Banc.

Dec. 10, 1990.

As Modified on Denial of Rehearing Jan. 14, 1991.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Cheryl A. Linden, Asst. Atty. Gen., Denver, for petitioner.

David F. Vela, Colorado State Public Defender, Janet Fullmer Youtz, Deputy State Public Defender, Denver, for respondent.

Justice ERICKSON delivered the Opinion of the Court.

The defendant, Paul Lutz, was convicted by a jury of second-degree kidnapping and aggravated robbery, and acquitted of a crime of violence.[1] The trial court sentenced the defendant to sixteen years imprisonment for the kidnapping and a concurrent term of eight years for the aggravated robbery. The court of appeals, in an

---

1. Section 18-3-302, 8B C.R.S. (1986); section 18-4-302, 8B C.R.S. (1986); section 16-11-309, 8A, C.R.S. (1986).

unpublished opinion, reversed the defendant's conviction for aggravated robbery and remanded to the district court with directions to enter a judgment of conviction for simple robbery. We granted certiorari and now reverse, and remand with directions.

## I

On February 23, 1986, the defendant responded to an advertisement the victim had placed in a local newspaper to sell his car. After test-driving the car, Lutz asked if he could show the car to his wife. The victim agreed, but insisted that he accompany Lutz. While en route, Lutz told the victim he was taking the car, and stated, "Don't do anything foolish.... I have a gun on you. I have killed already two people in Salt Lake City, one policeman, and one another [sic] individual. If you don't do anything wrong, I won't hurt you." The victim testified he could not see a gun, "but the defendant pointed" with his hand inside the pocket of his coat. Lutz drove to a desolate area where he tied the victim to a tree and drove off in his car.

## II

At trial, the jury was instructed that the aggravated robbery statute, section 18–4–302(2), 8B C.R.S. (1986), allowed the jury to find Lutz guilty of aggravated robbery if it determined he made verbal or other representations he was armed with a deadly weapon. The court further instructed the jury that such representations would not suffice to establish that the defendant possessed a deadly weapon for the purpose of the crime of violence charge.[2]

Lutz appealed his conviction to the court of appeals arguing that a conviction of aggravated robbery was inconsistent with an acquittal of a crime of violence since both judgments were based on the same evidence. The court of appeals relied on its earlier decision of *People v. Castenada,* 765 P.2d 641 (Colo.App.1988), and held that the "jury's apparent conclusion that the defendant did not actually use or possess a deadly weapon negates the validity of the conviction of aggravated robbery."

A conviction of aggravated robbery and an acquittal of a crime of violence based on the same evidence are not per se inconsistent. The aggravated robbery statute requires the defendant to "knowingly put the person robbed ... in a reasonable fear of death or bodily injury by the use of force, threat, or intimidation with a deadly weapon," and that "any verbal or other representation by the defendant that he is then and there so armed, is prima facie evidence ... that he was so armed." Section 18–4–302(1)(b) & (2). The crime of violence statute requires the defendant to actually use, or possess and threaten to use, a deadly weapon during the commission of the crime. Section 16–11–309(2)(a)(I), 8B C.R.S. (1986).

Because the two crimes require different elements of proof, the jury could reasonably find, from the same evidence, that the elements of aggravated robbery were present, while the elements of crime of violence were absent. *See People v. Powell,* 716 P.2d 1096 (Colo.1986). Therefore, the jury verdicts convicting Lutz of aggravated robbery and acquitting him of a crime of violence were not inconsistent.

We reverse and return the case to the court of appeals with directions to reinstate the judgment of conviction for aggravated robbery and the sentence imposed by the trial court.

QUINN, J., dissents and
KIRSHBAUM, J., joins in the dissent.

Justice QUINN dissenting:

I respectfully dissent. Because both the statutory definition of aggravated robbery

---

**2.** In response to a question from the jury, the trial court stated:

In order for the Defendant to be guilty of Aggravated Robbery and in order for that to be a crime of violence, there must actually be a weapon involved. However, the Instruction on verbal representations being prima facie evidence of the existence of a weapon could, if the Jury so wished, allow the Jury to conclude that there was a weapon simply because it was represented that there was a weapon, so far as the Aggravated Robbery charge. That same principle of law does not, however, apply to the crime of violence allegation. With regard to the latter allegation, the Jury must conclude from other evidence that a weapon was actually possessed.

and the crime-of-violence statute required that the defendant be actually armed with a deadly weapon as an essential element of each charge, I view the jury's guilty verdict on the aggravated robbery charge as inconsistent with the not guilty verdict on the crime-of-violence charge. I, therefore, would affirm the judgment of the court of appeals.

We have long followed the principle that inconsistent jury verdicts based on the identical fund of evidence will not be sanctioned. Thus, where two separate offenses arise out of one transaction, and the very same evidence is used to establish both offenses, a conviction of one of the offenses will be deemed legally inconsistent with an acquittal of the other offense. *E.g., People v. Berry*, 191 Colo. 125, 550 P.2d 332 (1976) (guilty verdict on conspiracy to commit aggravated robbery inconsistent with not guilty verdict on attempt to commit aggravated robbery); *Robles v. People*, 160 Colo. 297, 417 P.2d 232 (1966) (guilty verdict on charge of conspiracy to commit robbery with a dangerous weapon inconsistent with not guilty verdict on charge of robbery with a dangerous weapon).

On February 23, 1986, the date of the offenses in question, section 18–4–302(1), 8B C.R.S. (1986), provided that a person commits the crime of aggravated robbery if, during the act of robbery or immediate flight therefrom:

(a) He is *armed with a deadly weapon* with intent, if resisted, to kill, maim, or wound the person robbed or any other person; or

(b) He knowingly *wounds or strikes* the person robbed or any other person *with a deadly weapon* or *by the use of force, threats, or intimidation with a deadly weapon* knowingly puts the person robbed or any other person in reasonable fear of death or bodily injury; or

(c) He has present a *confederate*, aiding or abetting the perpetration of the robbery, *armed with a deadly weapon*, with the intent, either on the part of the defendant or confederate, if resistance is offered, to kill, maim, or wound the person robbed or any other person, or by the use of force, threats, or intimidation puts the person robbed or any other person in reasonable fear of death or bodily injury.

(Emphasis added). For purposes of enhancing the penalty applicable to various crimes, section 16–11–309(2)(a)(I), 8A C.R.S. (1986), defined a crime of violence to mean "a crime in which the defendant used, or possessed and threatened the use of, a deadly weapon during the commission or attempted commission of . . . robbery."

On the date of the offenses in question, section 18–4–302(2), 8B C.R.S. (1986), provided that the possession of any article used or fashioned in any manner to lead any person who is present "reasonably to believe it to be a deadly weapon, or any verbal or other representation by the defendant that he is then and there so armed, is prima facie evidence under subsection (1) of this section that he was so armed." This statutory provision created what was the functional equivalent of a permissive inference pursuant to which the jury was authorized to find that the "deadly weapon" element of aggravated robbery had been established. The permissive inference created by this provision, however, was merely the evidentiary method for proving the "deadly weapon" element of aggravated robbery and, in that respect, was substantively distinct from the element itself. Indeed, if on the date of the robbery the verbal or other representation of being armed with a deadly weapon constituted an essential element of aggravated robbery, as it presently does under the statute,[1] I would have no quarrel with the majority's resolution of this case. Under such a statutory scheme there would have been no inconsistency between a guilty verdict to

---

1. In 1989 the General Assembly repealed subsection (2) of section 18–4–302, Ch. 148, sec. 156, § 18–4–302(2), 1989 Colo.Sess.Laws 820, 861, which stated that the defendant's verbal or other representation of being armed with a deadly weapon is *prima facie* evidence that he was so armed, and further amended the aggravated robbery statute to provide that a person commits aggravated robbery if during the act of robbery or immediate flight therefrom:

He possesses any article used or fashioned in a manner to lead any person who is present

aggravated robbery and a not guilty verdict to the crime-of-violence charge.

We deal here, however, with a statutory scheme that required as an essential element of both aggravated robbery and a crime of violence that the defendant actually be armed with a deadly weapon. The only evidence supporting the charge of aggravated robbery in this case was the victim's testimony that the defendant, while test-driving the victim's car in response to a newspaper advertisement, verbally represented to the victim that he was armed with a gun and, with his hand inside the pocket of his coat, simulated pointing a gun at the victim. It was during this representation that the defendant told the victim that he had killed two people and would not harm the victim if the victim did nothing wrong. The defendant then tied the victim to a tree and took the victim's car and wallet containing money and credit cards.[2] The very same evidence utilized by the jury to return a guilty verdict on the aggravated robbery charge was obviously deemed insufficient in the jury's view to satisfy the crime-of-violence element that the defendant used, or possessed and threatened the use of, a deadly weapon during the commission of the robbery.

Under the circumstances present here, the jury's determination that the defendant did not use, or possess and threaten the use of, a deadly weapon during the commission of robbery with respect to the crime-of-violence charge is totally inconsistent with its determination that the defendant was armed with a deadly weapon for purposes of the aggravated robbery charge. The court of appeals, in my view, properly reversed the defendant's conviction for aggravated robbery and remanded the case to the trial court with directions to enter a judgment of conviction on the lesser offense of simple robbery—a crime that did not require a "deadly weapon" component as an essential element.

KIRSHBAUM, J., joins in this dissent.

reasonably to believe it to be a deadly weapon, *or represents verbally or otherwise* that he is then and there so armed.

Ch. 148, sec. 43, § 18–4–302(1)(d), 1989 Colo. Sess.Laws 820, 831 (emphasis added). The effect of this amendment is that evidence of a defendant's verbal or other representation that he is armed with a deadly weapon is now an essential element of aggravated robbery rather than, as previously, merely *prima facie* evidence of the "deadly weapon" element of the crime.

The General Assembly also had previously amended the aggravated robbery statute to provide that a defendant convicted of an aggravated robbery committed on or after July 1, 1986, shall be sentenced in accordance with the provisions of the crime-of-violence statute. Ch. 138, secs. 9 & 10, § 18–4–302(4), 1986 Colo.Sess. Laws 776, 777–78.

**2.** The evidence in the record before us renders this case analytically distinct from *People v.*

*Badhawk,* 761 P.2d 753 (Colo.1988), where we upheld a guilty verdict on the charge of aggravated robbery notwithstanding the jury's finding that, with respect to the crime-of-violence charge, the defendant did not use, or possess and threaten the use of, a deadly weapon during the commission of the aggravated robbery. We concluded that such verdicts were not inconsistent because, on the basis of the trial record, the jury could have found the defendant guilty of aggravated robbery due to his possession of a deadly weapon not during the robbery itself but during the immediate flight from the robbery. *Badhawk,* 761 P.2d at 756. In contrast to the record in *Badhawk,* the only evidence in the instant case on the deadly weapon element of aggravated robbery is that the defendant represented that he was armed with a deadly weapon *during the robbery* itself. It was this evidence, and only this evidence, upon which the jury could have returned a guilty verdict to aggravated robbery.